In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2271

SYLVESTER E. WYNN,

Plaintiff-Appellant,

v.

DONNA SOUTHWARD, et al.,

Defendants-Appellees.


Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:00cv172RM--Robert L. Miller, Jr., Judge.

Argued March 7, 2001--Decided March 29, 2001
Opinion June 11, 2001/1



   Before Diane P. Wood, Evans, and Williams,
Circuit Judges.

   Per Curiam.  Sylvester Wynn filed a
complaint pursuant to 42 U.S.C. sec. 1983
against the Indiana Department of
Corrections, the Indiana State Prison,
and two corrections officials, alleging
that his Eighth and Fourteenth Amendment
rights were violated when one of the
officials deliberately misplaced his
dentures and heart medication and a
second official later tried to conceal
the wrongdoing. The district court
dismissed the complaint sua sponte for
failure to state a Fourteenth Amendment
claim on which relief could be granted,
see 28 U.S.C. sec. 1915A, but did not
consider whether Wynn's allegations were
sufficient to support an Eighth Amendment
claim. We affirm in part, vacate in part,
and remand for further proceedings.

I.  Background

   During the fall of 1999, Wynn was
incarcerated at Indiana State Prison at
Michigan City, Indiana. On September 1,
1999, he was moved from the general
prison population to the Isolation
Detention Unit ("IDU"). When Wynn
requested that he be allowed to take his
dentures with him to the IDU, a prison

official named Triggs informed Wynn that he would pack Wynn's personal property during his shift on the morning of September 2, 1999. Wynn's signature appears on a Segregation Property Form, dated September 3, 1999, indicating that he received the itemized property, including a set of dentures.

Notwithstanding his signature on the property form, Wynn claimed after his move to the IDU that he did not receive all of his personal property, including, among other things, his dentures and his heart medication. He promptly initiated grievance procedures. First, he filed a grievance form on September 8, 1999, requesting his heart medication, dentures, and denture adhesive. On the grievance form, Wynn stated that he needed these items "immediately" and that he had requested them from IDU officials and Sergeant Donna Southward for a week, but to no avail. As a result of not having his medication, Wynn stated further, his heart had been "fluttering" and he warned that he might begin to experience "heavy chest pains" if he did not resume taking his medication. Also on September 8, Wynn submitted an interview request form concerning his dentures and other personal hygiene items that he said he did not receive. The bottom of the interview form contains what appears to be an official notation concerning Wynn's signature on the September 3, 1999 Segregation Property Form: "To Sgt. Southward per O/C Scott: Please note the date of 9-3-99 that Mr. Wynn signed for his property."

In his form complaint,/2 Wynn alleged that he was still without his dentures, and as a result has suffered bleeding, headaches, inability to chew his food, humiliation, shame, and "disfigurement." Apparently suggesting that Southward forged his signature on the Segregation Property Form, Wynn alleged that the notation on the interview form is evidence that Southward "committed forgery" concerning his missing dentures. Wynn alleged that, as a result of the officers' deliberate misplacement of his dentures, subsequent forgeries and falsification of property records, and disregard of his requests for his dentures, he suffered cruel and unusual punishment in violation of the Eighth Amendment and was deprived of his

property without due process in violation of the Fourteenth Amendment. Wynn focused his complaint primarily on the injuries resulting from the loss of his dentures, but he also referenced a 1998 lawsuit involving claims that prison officials were deliberately indifferent to his heart condition. In addition, Wynn attached to his complaint the interview form and grievance form describing his requests for his heart medication and the harmful effects of the lapse in medication.

The district court, addressing some but not all of Wynn's claims, dismissed the complaint sua sponte under 28 U.S.C. sec. 1915A for failure to state a claim. With regard to Wynn's Fourteenth Amendment claims, the district court found that because the Indiana Tort Claims Act, Indiana Code sec. 34-13-3-1 et seq., provided an adequate post-deprivation remedy to redress the accidental or intentional deprivation of his property, his sec. 1983 claim was barred by the United States Supreme Court's decisions in Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986), and Hudson v. Palmer, 468 U.S. 517 (1984). The district court dismissed the complaint without addressing Wynn's Eighth Amendment claims.

II. Analysis

This court reviews de novo the district court's dismissal of a complaint pursuant to sec. 1915A. See Sanders v. Sheahan, 198 F.3d 626, 626 (7th Cir. 1999). We accept all well-pleaded facts alleged in the complaint as true and draw all inferences in Wynn's favor. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). The district court properly dismissed Wynn's complaint for failure to state a claim only if "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In addition, because Wynn filed his complaint without the assistance of counsel, we construe his complaint liberally. See Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998).

A.  Immunity

In its April 27, 2000 dismissal order, the district court found that Wynn did not bring his action against a "defendant who is immune from a suit for money damages." Although the parties do not mention it, this finding is erroneous because the Eleventh Amendment, which precludes a citizen from suing a state for money damages in federal court without the state's consent, bars Wynn's claims against the Indiana State Prison and the Indiana Department of Corrections, both state agencies. See Higgins v. Mississippi, 217 F.3d 951, 953 (7th Cir. 2000). This principle also applies to suits for money damages against state officials in their official capacities; thus, to the extent that Wynn sues Southward and Triggs in their official capacities, those claims are similarly barred. See Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997). Accordingly, Wynn is precluded from asserting claims against the Indiana State Prison, Indiana Department of Corrections, and Southward and Triggs in their official capacities.

Wynn does not specify whether he sued the officers in their official or individual capacities. His omission of the phrase "individual capacity," however, does not necessarily render this solely an official capacity suit. See Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir. 1991); see also Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000) (rejecting presumption that sec. 1983 plaintiffs who fail to designate whether defendant is sued in individual or official capacity intended official capacity suit). Wynn does not allege, for instance, that an official policy or custom violated his constitutional rights; he does not even mention any official custom or policy. See Miller, 220 F.3d at 494. Rather, he complains specifically about the unconstitutional acts of two officials: Triggs' packing and misplacing his dentures and heart medication, Southward's deliberate falsification of prison documents, and both officials' disregard of his requests for redress. Furthermore, his request for punitive damages suggests an intent to sue the officers in their individual capacities. See Hill, 924 F.2d at 1374.

Considering these factors in light of Wynn's pro se status, we conclude that Wynn may assert claims against Southward and Triggs in their individual capacities. See id. at 1373.

## B. Fourteenth Amendment Claims

The district court properly dismissed Wynn's Fourteenth Amendment claims for deprivation or destruction of personal property. The officers' acts did not deprive Wynn of life, liberty or property protected by the Fourteenth Amendment, see Daniels, 474 U.S. at 330-31 (holding that negligent act by state official cannot deprive individual of life, liberty or property under the Fourteenth Amendment), even if those acts were intentional, see Hudson, 468 U.S. at 533 (holding that intentional deprivation of property does not violate due process so long as adequate state post-deprivation remedies are available). Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due. See Wilson v. Civil Town of Clayton, Indiana, 839 F.2d 375, 383 (7th Cir. 1988) (holding that Indiana Tort Claims Act provides prisoners with adequate post-deprivation remedies for lost property). Accordingly, we affirm the district court's dismissal of Wynn's Fourteenth Amendment claims.

## C. Eighth Amendment Claims

Unfortunately, the district court did not address Wynn's claims that the conduct of Triggs and Southward constituted deliberate indifference to his serious medical needs. Prison officials' conduct demonstrating deliberate indifference to serious medical needs of prisoners constitutes the "'unnecessary and wanton infliction of pain'" and violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 182-83 (1976)); Garvin v. Armstrong, 236 F.3d 896, 898 (7th Cir. 2001). To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it. See Garvin, 236 F.3d at 898. An objectively serious medical

need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Deliberate indifference entails more than "mere negligence," Farmer v. Brennan, 511 U.S. 825, 836 (1994), and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety. Id. at 837; Zentmyer, 220 F.3d at 811.

1. Dentures

Wynn has established the first prong of a deliberate indifference claim with respect to his dentures. Indeed, "[d]ental care is one of the most important medical needs of inmates." Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980). Wynn alleges that he has been unable to chew his food without his dentures, significantly impeding his ability to eat, and that he has suffered bleeding, headaches, and "disfigurement." These allegations are sufficient to demonstrate that Wynn has a serious medical need for his dentures. See Cooper v. Schriro, 189 F.3d 781, 783-84 (8th Cir. 1999) (reversing dismissal of complaint where prisoner alleged defendants refused to treat his decayed and cracked teeth); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (reversing dismissal of complaint where prisoner alleged extreme pain, deterioration of teeth and inability to eat properly); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (reversing grant of summary judgment for defendants where prisoner alleged that prison's refusal to replace his lost dentures led to bleeding and infected gums, brittle teeth and pain due to his inability to eat properly).

Although it is a closer question whether Triggs and Southward knew of and deliberately disregarded Wynn's dental needs, at this stage it does not appear "beyond doubt" that Wynn (whose pro se pleadings deserve liberal construction)

can prove no set of facts consistent with his complaint that would entitle him to relief. Hishon, 467 U.S. at 73. None of Wynn's allegations rules out the possibility that Triggs and Southward acted deliberately, so his complaint should not have been dismissed even if it is more likely that their acts constituted negligence. See Nance, 147 F.3d at 590 (explaining that court must await summary judgment before determining that prison officials more likely than not acted deliberately). His allegations sufficiently put Triggs and Southward on notice of his Eighth Amendment claim as to his dentures, and that is all he must do at this stage. See DeWalt, 224 F.3d at 612; see also Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996) (allegations that prisoner begged to keep medication, officers responded rudely, and prisoner suffered serious medical complications due to lack of medication stated Eighth Amendment claim). Accordingly, the district court erred in dismissing Wynn's Eighth Amendment claim with respect to his dentures. At a minimum, the court should have given him leave to amend his complaint. See Donald, 95 F.3d at 554-56; Fed. R. Civ. P. 15(a).

## 2. Heart Medication

Wynn also alleges facts sufficient to state an Eighth Amendment claim as to his heart medication. In the grievance form, which, as an attachment to the complaint, is effectively incorporated as part of the complaint, see Fed. R. Civ. P. 10(c), Wynn states that he repeatedly told prison officials that he needed his heart medication "immediately," that the officials did not respond to his requests, that he made two written requests to Southward for his medication, that his heart had been "fluttering" due to the lapse in medication, and that he risked "heavy chest pains" if he did not resume taking his medication. These allegations adequately state an Eighth Amendment claim that the officers were deliberately indifferent to Wynn's serious medical need for his heart medication. See Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999) (reversing grant of summary judgment for defendants where prison official deliberately refused to administer prescribed

pain medication); Donald, 95 F.3d at 555 (reversing dismissal of Eighth Amendment claim where prisoner alleged two-day deprivation of heart medication resulted in heart attack and hospitalization).

III.  Conclusion

   We AFFIRM the dismissal of all claims against the Indiana State Prison and the Indiana Department of Corrections, all claims against Triggs and Southward in their official capacities, and Wynn's Fourteenth Amendment claims. We VACATE the dismissal of Wynn's Eighth Amendment claims against Triggs and Southward in their individual capacities and REMAND to the district court for further proceedings consistent with this order.

FOOTNOTES

/1 Pursuant to Circuit Rule 53, this opinion was originally issued as an unpublished order on March 29, 2001. The court, upon request of the parties, issues this decision as an opinion.

/2 Wynn submitted his original handwritten complaint on March 14, 2000. In compliance with the district court's order for a more definite statement, Wynn resubmitted his complaint on April 12, 2000 on the district court's standard form for sec. 1983 actions.