Oscar Solis PERALES, Plaintiff–Appellant.

v.

DRUG ENFORCEMENT ADMINISTRATION, Defendant–Appellee.

No. 00–3685.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 17, 2001 *.

Decided Oct. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. RICHARD D. CUDAHY, Hon. KENNETH F. RIPPLE, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

### ORDER

Oscar Perales, a federal prisoner, appeals the denial of his Freedom of Information Act request. Because the information sought by Mr. Perales does not exist and would not be subject to a FOIA request if it did, we affirm the judgment of the district court.

Taking the allegations in the complaint as true, Mr. Perales sent a request to the Drug Enforcement Administration for "records which would give Perales the date and time when the 'implementing regulation' for Title 21, U.S.C. § 841, was published in the Federal Register, and a copy of the implementing regulation['s] 'basis and purpose statement.'" The DEA denied the request, and Mr. Perales appealed to the Office of Information and Privacy for the Department of Justice, which also denied the request. The Department said that the DEA had no relevant records and that there are no implementing regulations for § 841. Mr. Perales then unsuccessfully sought judicial review of this decision in federal court. The district court concluded that Mr. Perales proceeded under the "misunderstanding" that § 841 was a rule promulgated by an agency rather than a federal statute and dismissed the action as frivolous under 28 U.S.C. § 1915A.

We review dismissals under § 1915A *de novo* and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claim. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.2000). The FOIA embraces "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (internal quotations and citation omitted). Paragraph (1) of 5 U.S.C. § 552(a) requires federal agencies to publish in the Federal Register "substantive rules of general applicability adopted as authorized by law," and the Administrative Procedure Act requires these rules to contain a statement of their basis and purpose. 5 U.S.C. §§ 552(a)(1)(D), 553(c); *see United States Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 754, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). The FOIA also requires agencies to make records available on request, but it excepts from this requirement those records already made available under § 552(a)(1) through publication in the Federal Register. *Id.* § 552(a)(3)(A).

Here, Mr. Perales sought information that he could find in the Federal Register if it existed (which it does not). Although the DEA bore the burden of demonstrating that it adequately searched for the requested information, Mr. Perales needed to be able to show "that the agency might have discovered a responsive document had the agency conducted a reasonable search." *Patterson v. Internal Revenue Serv.*, 56 F.3d 832, 841 (7th Cir.1995) (quoting *Maynard v. Cent. Intelligence Agency*, 986 F.2d 547, 560 (1st Cir.1993)). Mr. Perales's complaint demonstrates that he could not make this showing, however,

because § 552(a)(3) of the FOIA does not cover material already made available through publication in the Federal Register.

Perhaps Mr. Perales had something else in mind when he wrote to the DEA, but the FOIA requires a request that "reasonably describes" the record sought. *See, e.g., Tax Analysts v. Internal Revenue Serv.,* 117 F.3d 607, 610 (D.C.Cir.1997) ("A request reasonably describes records if the agency is able to determine precisely what records are being requested." (internal quotation and citation omitted)). Mr. Perales's request, however, described only material that would be available in the public domain. He described nothing properly covered by a FOIA request.

AFFIRMED.