Howard V. ASHLEY, Plaintiff–
Appellant,

v.

Captain V. SEAMON, et al.,
Defendants–Appellees.

No. 01–1231.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2002.*

Decided Feb. 4, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Illinois prisoner Howard Ashley appeals the dismissal of his civil rights complaint under 28 U.S.C. § 1915A. Ashley sued various prison officials, alleging that they violated his constitutional rights when they confined him in segregation for threatening to sue a prison official. The district court dismissed for failure to state a claim, and Ashley appeals. We affirm in part, vacate in part, and remand the case for further proceedings.

## Background

Ashley is an inmate at the Danville Correctional Center. On March 28, 2000, Ashley met with Captain Vanessa Seamon because he wanted to declare an inmate on his assigned wing an "enemy" and be housed in another area. Seamon refused to authorize an immediate transfer, but promised to investigate the situation. Seamon then told Ashley that he had to return to his assigned cell that evening, but that he could speak with Internal Affairs in the morning. Ashley then asked, "Did I mention that I work in the law library?"

Captain Seamon immediately ordered Ashley to be confined in segregation and prepared a disciplinary report charging him with "intimidation and threats." Ashley spent five days in segregation. After a hearing the Adjustment Committee found Ashley guilty of the charge and sentenced him to five days in segregation (time considered served). While detained in segregation, Ashley was not allowed to smoke cigarettes, watch television, listen to the radio, make telephone calls, or have reading material.

After his stay in segregation Ashley filed a grievance with the Illinois Department of Corrections claiming that Captain Seamon retaliated against him for allegedly threatening to sue her. The grievance officer denied Ashley's grievance, and Warden Paul Barnett concurred. Ashley appealed to the Administrative Review Board, which found the charge against Ashley unsubstantiated and recommended that the disciplinary report be expunged from his master file and disciplinary record.

■ In January 2000 Ashley sued various prison officials, presumably under 42 U.S.C. § 1983, alleging that they violated his First Amendment right to free speech, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment due process rights when they detained him in segregation for five days for allegedly threatening to sue Captain Seamon. The district court dismissed the case under § 1915A for failure to state a claim, concluding that Ashley's due process claim failed because he "had no liberty interest to remain in the prison's general population" and that Ashley's Eighth Amendment claim failed because "Ashley's description of his stay in segregation and its duration [were not] 'sufficiently serious.'" The district court did not address Ashley's First Amendment retaliation claim. In seeking leave to appeal in forma a pauperis ("IFP"), Ashley informed the district court that it had not addressed his First Amendment claim. The court then granted leave to appeal IFP, noting that it had not interpreted Ashley's complaint "in the light in which he now presents it." The court concluded that Ashley's IFP petition elucidated "a first amendment claim that is consistent with his pleadings—retaliation for freedom of speech and access to the courts," and conceded that its § 1915A dismissal "did not pass on those particular claims."

### Analysis

■ We review dismissals under § 1915A de novo and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claim. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001). Although no party disputes our jurisdiction over this appeal, the district court's acknowledged oversight in not addressing Ashley's First Amendment claim calls into question the finality of its order.

A district court's order is final if the court clearly intends it to be final and uses language that is "calculated to conclude all the claims before the district court." *Munson Transp., Inc. v. Hajjar*, 148 F.3d 711, 714 (7th Cir.1998) (concluding that district court's order was final, despite not addressing all claims before the court, because it stated that "[t]his case is terminated"); *see also Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir.1998) (advocating a "practical approach" in deciding finality issues and holding that a judgment is final "so long as it is apparent that the district judge intended the judgment to dispose of all claims"). In dismissing the case for failure to state a claim, the district court concluded that "[t]he case is terminated." Because the court used language that was calculated to conclude all the claims before it, the judgment is final. *See Munson*, 148 F.3d at 714.

■ Turning to the merits, Ashley first argues that he adequately stated a First Amendment retaliation claim by alleging that he was detained in segregation for allegedly threatening to sue Captain Seamon. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Martin v. Brewer*, 830 F.2d 76, 77 (7th Cir.1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (citing *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)); *Massey v. Wheeler*, 221 F.3d 1030, 1035 (7th Cir.2000). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir.1996).

■ "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted). Ashley's complaint alleges that he was immediately placed in segregation after asking Captain Seamon, "Did I mention that I work in the law library?" Because such a chronology arguably presents a colorable claim of retaliation, we conclude that Ashley's allegations state a claim upon which relief may be granted. *See id* at 574. (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act"). Upon further development of the facts it may be the case that Ashley's threat of legal action was illegitimate or reasonably interpreted as a threat of physical violence, *see Goff v. Dailey,* 991 F.2d 1437, 1439 (8th Cir.1993); *Sires v. Berman,* 834 F.2d 9, 13–14 (1st Cir.1987); *Harrison v. Seay,* 856 F.Supp. 1275, 1279 (W.D.Tenn.1994), but such a determination is not possible on the record before us. Thus we express no opinion on the ultimate outcome of this claim, but decide only that Ashley has alleged enough to state a colorable First Amendment retaliation claim.

■ Finally, Ashley argues that he adequately stated a claim under the Eighth and Fourteenth Amendments by alleging that while in segregation he was not allowed to smoke cigarettes, watch television, listen to the radio, make telephone calls, or have reading material. This contention is frivolous. First, the district court correctly determined that Ashley's deprivations were not sufficiently serious to rise to the level of an Eighth Amendment violation. *See Farmer v. Brennan,* 511 U.S. 825, 832, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (concluding that a sufficiently serious deprivation must result in the denial of "the minimal civilized mea-

sure of life's necessities" such as shelter, sanitation, food, personal safety, medical care, and clothing); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (concluding that ten days in segregation unit without toilet paper, toothbrush or toothpaste, and in "filthy, roach-infested cell" did not constitute cruel and unusual punishment). Second, the district court correctly determined that no liberty interest protected by due process was implicated by the disciplinary punishment of five days in segregation. *See Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (concluding that detention in segregation did not constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest"); *Thomas v. Ramos,* 130 F.3d 754, 762 (7th Cir.1997) (same).

Therefore, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.