**Steven D. PARKS, Plaintiff–Appellant,**

v.

**Theresa MCCOY, et al., Defendants–Appellees.**

**No. 01–3630.**

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2002.*

Decided March 20, 2002.

Amended March 21, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Inmate Steven Parks sued prison administrators and health care providers at Taylorville Correctional Center under 42 U.S.C. § 1983, claiming that he received inadequate medical care. The district court–invoking both 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12–granted the defendants' motions to dismiss for failure to state a claim and assessed a strike under § 1915(g), and Parks appeals.

The facts, which we presume to be as Parks alleges, are as follows. Nurse Theresa McCoy tested Parks for tuberculosis on February 23, 1998, and when the test came back positive, Dr. Hugh Lockhard prescribed medication. Believing that the medication made him sick, Parks sought retesting from Head Nurse Fannie Urfer on March 6, but she belligerently and unprofessionally refused. Nurse Harold Baldock administered a retest a week later without authorization from a doctor, and the next day Parks experienced fever, chills, sweats, and a headache. On March 15 Parks went to the health care unit because of a rash and was told that his retest was negative but that he should continue the tuberculosis medication because a "bad batch" of tuberculin may have caused a false test result. On March 17 Parks saw Dr. Lockhard, who continued Parks on the medication and told him that he would investigate Nurse Baldock's "unauthorized" retest.

In the early morning of March 18, Parks became "extremely ill," experiencing nausea, headaches, vomiting, body aches, and chills. After waiting five hours to see a doctor, Parks was admitted to the health care unit with a high fever, given Bicillin and Motrin, and placed on an intravenous line. Parks on his own stopped taking his tuberculosis medication upon his release two days later but was forced to resume on March 24 when threatened with a disciplinary ticket by Nurse Baldock and a prison guard. Early the following morning, Parks again became violently ill with a 103 degree fever and was admitted to the health care unit after the doctor arrived at 9:30 a.m. He received Bicillin shots, pain medication, X–Rays, antibiotics, blood tests for hepatitis and lupus, and a third tuberculosis test. This tuberculosis test also was negative, prompting doctors to discontinue Parks's treatment for tuberculosis on March 27. After eight days of hospitalization, Parks was released, still without "a positive diagnosis of what is wrong."

The district court concluded that nothing in Parks's complaint alleged the denial

of a constitutional right, and on appeal Parks offers no reason to question that determination. He contends that he was "denied adequate medical treatment and diagnosis," causing reactions to the tuberculosis medication and possible tuberculosis exposure. (Parks also suggests that he should have been permitted to amend his complaint and conduct discovery, but the record does not reflect that Parks ever sought either amendment or discovery in the district court.) Numerous cases hold, however, that medical misdiagnoses or malpractice do not violate the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir.2000); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir.1996). Instead, a prisoner must allege that prison medical professionals were subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk to the prisoner's health posed by lack of treatment. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001).

Here Parks's complaint contains at most a malpractice claim. Parks initially tested positive for tuberculosis, and he received continuing treatment, despite a subsequent negative test, for the plausible reason that the first retest might have been inaccurate. When Parks went to the health care unit on separate occasions complaining of nausea, aches, and chills, he was admitted overnight each time and given medications. Parks says Nurse Urfer acted unprofessionally when he asked for a retest on March 6 and that he had to wait excessively for treatment until the doctor arrived on March 18 and March 25, but neither of those assertions, nor anything else in Parks's narrative, supports an inference that the defendants ignored Parks's serious medical needs. Parks's complaint describes care that may have been incompetent (or as the defendants' brief puts it, "unsatisfying"), but inept care does not amount to a denial of a federal right, *see Estelle,* 429 U.S. at 106, 97 S.Ct. 285, and without such a deprivation the complaint fails to state a claim.

Because Mr. Parks was not incarcerated at the time he appealed the district court's judgment, he does not incur another strike under § 1915(g) for this appeal. The judgment of the district court is

AFFIRMED.