**Rudy Anthony MARTINEZ, Plaintiff–Appellant,**

v.

**Bill HEDRICK, et al., Defendants–Appellees.**

No. 01–3924.

United States Court of Appeals, Seventh Circuit.

Submitted April 22, 2002.*

Decided April 22, 2002.

Before FAIRCHILD, ROVNER and EVANS, Circuit Judges.

## ORDER

While confined at the United States penitentiary in Marion, Illinois, Rudy Martinez complained to prison doctors of pain caused by a lipoma, a benign growth located just under the skin on his back. Although a physician's assistant removed the

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

lipoma, Martinez's complaints continued. Martinez sued members of the medical staff and other prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claiming they violated his Eighth Amendment right against cruel and unusual punishment by providing inadequate medical care. The district court granted the defendants summary judgment, and Martinez filed a timely appeal. We affirm.

Martinez first complained about his lipoma in 1994 while at the Metropolitan Correctional Center in Chicago. A prison doctor noted in Martinez's medical record that removal would be an "elective" procedure. The lipoma grew in size until 1998, when physician's assistant C. Welch removed it after Martinez had been transferred to Marion. Welch received help from physician's assistant H.G. Lugo, and performed the removal with the permission and under the supervision of prison doctor Dr. Augustine Li. In the months following the excision, Martinez reported pain in his back and legs. The medical staff ruled out the lipoma removal as the cause of the pain, and instead diagnosed and treated it as muscle spasms, which they believed were the result of a "pop" Martinez felt in his back after squatting in the shower.

Convinced that Welch's removal of the lipoma caused his post-procedure pain, Martinez pursued administrative remedies hoping to obtain a referral to a specialist. After the administrative remedies failed to provide him the relief he sought, Martinez filed suit against Li, Welch, and Lugo, as well as warden Bill Hedrick and hospital administrator Terry S. Bakke for their roles as supervisors. Martinez sought money damages and an order requiring him to be transferred to a hospital and examined by a specialist.

The district court granted the defendants summary judgment because Martinez failed to submit evidence that his medical care had been inadequate or that Hedrick and Bakke were involved in providing that care. We review orders granting summary judgment *de novo* and affirm only if there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002).

The defendants violated Martinez's Eighth Amendment rights only if they were deliberately indifferent to his serious medical needs. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001). A medical need is serious when a doctor has mandated treatment or when it is so obviously serious that even a lay person would recognize the need for treatment. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference exists when prison officials know of an excessive risk to health or safety and yet consciously disregard it. *Id.* Deliberate indifference is a subjective inquiry, not an objective, "should have known" inquiry. *Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir.1999). As a result, even medical malpractice does not by itself amount to deliberate indifference. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir.2000).

Martinez submitted no evidence that his lipoma itself was a serious medical need. To the contrary, his medical records indicate that he complained only that the lipoma was tender when touched, that he could not sleep on his left side, and that doctors considered removal an elective procedure. Although the district court determined that Martinez had a "serious medical need for competent medical attention" once the prison undertook performing Martinez's elective procedure, we need not analyze whether the district court correctly characterized the treatment itself as

a "serious medical need" because Martinez did not submit evidence of deliberate indifference. Martinez attempted to create an issue of fact regarding deliberate indifference by arguing that Li, Welch and Lugo all knew that Welch was not qualified to perform the excision, which Martinez claims is evidenced by Welch's application for privileges to perform such procedures. Martinez notes that Welch's application confirms that he never graduated from any of the schools he attended, and that Welch's credentials file is empty even though prison policy requires documentation of his qualifications. Therefore, Martinez argues, his evidence demonstrates that the defendants allowed an unqualified physician's assistant to perform the removal, which amounts to deliberate indifference.

■ Even if Martinez's evidence demonstrates that Welch received privileges in violation of prison policy, it does not demonstrate that the defendants knew Welch was unqualified to perform the excision, or, indeed, even that he *was* unqualified. Li granted Welch privileges to perform excisions and other procedures based upon Li's personal observations of Welch's skills and demonstrated experience. Welch had 17 years of experience working as a physician's assistant, had removed many lipomas, and had performed many more complex procedures. Although prison officials demonstrate deliberate indifference when they know their medical staff is unqualified to examine and treat patients, *see, e.g., Williams v. Edwards,* 547 F.2d 1206, 1216–19 (5th Cir.1977) (medical care provided by inmates with no medical experience and without supervision from trained medical staff), Martinez submitted no evidence that Li, Welch, or Lugo believed Welch was unqualified to remove Martinez's lipoma.

Martinez included in his appendix an affidavit that he says rebuts the defendants' asserted belief in Welch's qualifications. Although the magistrate judge referred to the contents of the affidavit in a footnote to his Report and Recommendation to the district court, it is not clear from the record whether Martinez submitted the affidavit in opposition to the defendants' motion for summary judgment. But even if the affidavit was properly before the district court, we may not consider it for two reasons. First, the affidavit reveals no information about the affiant and relates information about which she has no personal knowledge, and therefore does not meet the requirements of Federal Rule of Civil Procedure 56(e). *Markel v. Bd. of Regents,* 276 F.3d 906, 912 (7th Cir.2002). Second, the affidavit consists almost entirely of hearsay, which is inadmissible and therefore insufficient to defeat a motion for summary judgment. *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 925 (7th Cir.2001).

■ Martinez also claims that the defendants were deliberately indifferent to his complaints of pain following the excision. Again, the record is void of evidence showing deliberate indifference. Martinez's medical records indicate that he reported pain numerous times following the excision. But his records also indicate that the prison's medical staff diagnosed the problem as muscle spasms, and prescribed a variety of medications to relieve his pain. Even if the staff's diagnosis was wrong, as long as they believed at all times that their diagnosis was consistent with Martinez's symptoms and that they were providing appropriate treatment, the staff was not deliberately indifferent. *Walker,* 233 F.3d at 499. Martinez may have believed the pain was due to incompetent removal of his lipoma and would have preferred to see a specialist, but disagree-

ments over a course of treatment do not constitute deliberate indifference. *Garvin*, 236 F.3d at 898.

Because we agree with the district court that Martinez has submitted no evidence of deliberate indifference, we need not address the issue of Hedrick or Bakke's personal involvement or the issue of qualified immunity.

For these reasons, the district court order granting the defendants summary judgment is AFFIRMED.