Frank JONES, Plaintiff–Appellant,

v.

James A. VAN FLEIT, Defendant–Appellee.

No. 01–4303.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2002 *.

Decided Oct. 11, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

Frank Jones brought this action under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. Jones, an Indiana prisoner, asserts that Dr. James A. Van Fleit failed to provide him with proper medical care after he injured his left eye. The district court granted Dr. Van Fleit's motion for summary judgment, and Jones filed a timely appeal. We affirm.

The relevant facts are undisputed. On August 10, 1998, Jones was poked in the left eye by another inmate while the two were playing basketball. On August 11, a prison physician treated Jones and determined that he had suffered a subconjunctival hemorrhage, or a torn blood vessel in the eye. The prison physician referred Jones to Dr. Van Fleit, a privately employed optometrist who provides part-time vision services to inmates under a contract with the state prison system. When Dr. Van Fleit examined Jones around August 26, Jones complained of blurred vision in his left eye but did not complain of light flashes or floaters (partial vision obstructions), the classic signs of a torn retina. Dr. Van Fleit saw no evidence of injury to the left eye beyond the subconjunctival hemorrhage, which had already cleared. And although one procedure he conducted allowed him to view the posterior chamber of the eye, including the retina, Dr. Van Fleit saw no sign of retinal damage such as a tear, hole or hemorrhage. Ultimately he prescribed eyeglasses to correct Jones' vision.

On September 30, 1998, Jones was again referred to Dr. Van Fleit. This time he complained that his vision was blurry and green, and Dr. Van Fleit discovered a partial retinal tear and other signs of injury in Jones' left eye. Dr. Van Fleit immediately referred Jones to Wishard Memorial Hospital, where he received emergency care and has since undergone several surgeries to treat the retinal tear. Jones asserts that if his injury had been treated immediately, he would have suffered few if any negative results from his injury. As it is, however, Jones will permanently have blurred vision and sensitivity to light in his left eye.

The district court concluded that Dr. Van Fleit acted under color of state law for purposes of § 1983 when he treated Jones, *see West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), but nonetheless granted summary judgment for the physician because Jones had presented no evidence that Dr. Van Fleit acted with deliberate indifference. We review *de novo* the grant of summary judgment and construe the record and all reasonable inferences drawn from it in

the light most favorable to the non-moving party. *Del Raso v. United States,* 244 F.3d 567, 570 (7th Cir.2001). Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact for trial, Fed. R. Civ. Pro. 56(c), or when the non-moving party fails to make a showing sufficient to prove an element on which he will bear the burden of proof at trial, *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that states provide their prisoners with proper medical care. *See Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A mere failure to provide medical care, however, does not automatically violate the Eighth Amendment. A prisoner must meet a two-part test to prove a constitutional deprivation: (1) the prisoner must show that his medical needs were "objectively, sufficiently serious," and (2) the prisoner must demonstrate that a prison official was deliberately indifferent to those needs. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The first element is an objective one. A prisoner's medical need is objectively serious if it is " 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir.2000) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997)). Dr. Van Fleit agrees that, in hindsight, Jones' injury was serious. Thus this appeal turns on whether Dr. Van Fleit was deliberately indifferent to that injury.

The second element is subjective. To prove deliberate indifference, the prisoner must show that the prison official "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to a prisoner's health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Jones never demonstrated a genuine issue of material fact on this point. He essentially contends that the course of treatment provided by Dr. Van Fleit was insufficient, but an inmate's disagreement with the course of treatment cannot establish deliberate indifference. *Snipes v. De-Tella,* 95 F.3d 586, 591 (7th Cir.1996). At best Jones alleges that Dr. Van Fleit provided negligent medical care, but mere negligence is not enough to prove a constitutional violation. *Peate v. McCann,* 294 F.3d 879, 882 (7th Cir.2002). Since Jones offered no evidence that his injury was readily apparent and that Dr. Van Fleit either ignored the injury or deliberately failed to provide proper treatment, his arguments fail. *Steele v. Choi,* 82 F.3d 175, 179 (7th Cir.1996).

AFFIRMED.