**Rosalio HERNANDEZ, Plaintiff–Appellant,**

v.

**Craig HANKS and Diane Daugherty, Defendants–Appellees.**

No. 02–3884.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

---

* After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

Indiana prisoner Rosalio Hernandez brought this action under 42 U.S.C. § 1983 alleging that Warden Craig Hanks and Casework Manager Diane Daugherty are violating his Eighth and Fourteenth Amendments rights by holding him in disciplinary segregation. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. We affirm.

In his *pro se* complaint, Hernandez alleges that Daugherty improperly changed his segregation release date on the paperwork for two conduct violations, requiring him to serve nine additional years in disciplinary segregation (his release from segregation is now scheduled for April 2011; his prison term apparently is projected to end in 2054). Hernandez asserts that he has already served the three years' of disciplinary segregation imposed for a 1998 attempted murder and an additional year for a 1999 battery and, therefore, by his count should have been released to the general prison population in July 2002. Because Daugherty modified the segregation release date, however, Hernandez remains in disciplinary segregation without the benefit of the various privileges afforded inmates in the general population. Hernandez challenged his segregation release date through the classification and disciplinary review processes, but relief was denied.

We review *de novo* dismissals under § 1915A for failure to state a claim, accepting as true the plaintiff's factual allegations and drawing all inferences in the plaintiff's favor. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001). Dismissal of Hernandez's complaint was proper only if no relief is available under any conceivable set of facts consistent with his allegations. *Id.* at 592.

Hernandez first argues that his continued detention in segregation violates due process because the defendants ex-

tended the length of his stay without affording him a hearing or other procedures. We note that prison officials, in responding to Hernandez's grievance, commented that apparently he had "forgotten about the numerous other CAB convictions in which Disciplinary Segregation sanctions were applied." Regardless, even if Hernandez's scenario about the date change is accurate, he cannot establish a due process violation without demonstrating that he has a liberty interest in returning to the general prison population after completing his segregation sanction, whatever its length. *See DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir.2000). The length of disciplinary segregation does not implicate a federally protected liberty interest even if the period extends for the entire term of incarceration. *Wagner v. Hanks,* 128 F.3d 1173, 1176 (7th Cir.1997); *see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (disciplinary segregation did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir.1996) (inmate's transfer from general population to segregation did not implicate liberty interest because restrictions did not impose atypical and significant hardship). As we said in *Smith v. Shettle,* "a prisoner has no natural liberty to mingle with the general prison population." 946 F.2d 1250, 1252 (7th Cir.1991). Accordingly, the district court properly dismissed Hernandez's due process claim.

■ Likewise, the court appropriately dismissed the Eighth Amendment claim. Hernandez argues that, by keeping him in disciplinary segregation and out of the general prison population even though he completed the originally imposed sanctions, the defendants are subjecting him to cruel and unusual punishment. But, to succeed on an Eighth Amendment claim, Hernandez must demonstrate that being excluded from the general prison popula-

tion deprives him of the " 'minimal civilized measure of life's necessities," ' such as adequate food, clothing, shelter, or medical care. *Higgason,* 83 F.3d at 809 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)); *see Brown v. Nix,* 33 F.3d 951, 953, 955 (8th Cir.1994) (nine years' disciplinary segregation not cruel and unusual punishment). Because Hernandez does not allege that he is being deprived of anything beyond the privilege of being in the general population, he fails to state a claim under the Eighth Amendment.

The judgment of the district court is AFFIRMED. Hernandez's motion to appoint counsel, filed April 22, 2003, is DENIED. The district court's dismissal and our decision here count as two of Hernandez's three allotted "strikes" under 28 U.S.C. § 1915(g). He previously incurred a "strike" in *Hernandez v. Aul,* No. 02–CV–1673 (S.D.Ind. Dec. 5, 2002). This brings the total number of strikes to three and, accordingly, bars Hernandez from bringing future civil suits *in forma pauperis* except a provided in § 1915(g).