**Joseph WILLIAMS, Plaintiff–Appellant,**

v.

**David NICKLESON, et al., Defendants–Appellees.**

No. 02–2862.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 16, 2003.

---

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Joseph L. Williams, pro se, Carlisle, IN, for Plaintiff–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

While in pretrial detention, Indiana prisoner Joseph Williams suffered from a rec- tal abscess that eventually developed gangrene and required emergency surgery. Consequently, he sued Warden David Nickleson, Doctor Hansel Foley, and Nurse Larry Brown under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his condition. The district court screened the complaint under 28 U.S.C. § 1915A, found that it failed to state a claim, and accordingly dismissed it. *See* 28 U.S.C. § 1915A(b)(1). Because the complaint states a claim against one of the three defendants, we vacate the dismissal in part.

On April 26, 2000, Williams was arrested and taken to the St. Joe County Jail. Williams was ill and on April 27th was taken to the jail medical unit where, according to the complaint, Dr. Foley treated him "for something other than the present illness." Williams subsequently developed a painful abscess and returned to the medical unit where he was seen by Nurse Brown and again by Foley. This time Foley prescribed antibiotics. The abscess did not heal, however, and began to develop a foul odor. Williams returned to the medical unit a third time and was seen again by Brown, who apparently told him to ask the judge to release him from pretrial detention for medical reasons. The judge denied Williams's subsequent request to be released. Williams's condition did not improve, and on May 5th a different doctor determined that the abscess had developed gangrene and admitted him for emergency surgery. Williams remained in the hospital for 32 days after his surgery.

The district court held that although Williams had identified a serious medical need, he had not sufficiently alleged that the defendants were deliberately indifferent to that need. We review *de novo* dismissals under § 1915A for failure to state a claim, accepting as true the plain-

tiff's factual allegations and drawing all reasonable inferences in his favor. *Wynn v. Southward,* 251 F.3d 588, 591–92 (7th Cir.2001).

Williams argues that the district court should have found that the defendants knew of his serious medical need and showed disregard for it by delaying treatment. To state a claim for deliberate indifference, a pretrial detainee must first allege that he suffered from an objectively serious medical condition. *See Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 764–65 (7th Cir.2002). He must then allege that each defendant was aware of a significant risk to the inmate's health or safety and then disregarded that risk in acting or failing to act. *Farmer v. Brennan,* 511 U.S. 825, 837–38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

█ We agree with the district court that under the alleged facts, Warden Nickleson was not deliberately indifferent to Williams's medical need because he was not personally involved with his treatment. There is no *respondeat superior* liability under § 1983, *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001), and Nickleson played no role in treating Williams or in deciding a course of treatment for him. Accordingly, the claim against Nickleson fails. *See id.*

█ The district court also correctly found that Dr. Foley was not deliberately indifferent to Williams's medical needs. The complaint alleges that Foley examined Williams twice. At first Foley allegedly misdiagnosed Williams's condition, an error that does not rise to the level of deliberate indifference. *Dunigan v. Winnebago County,* 165 F.3d 587, 592 (7th Cir. 1999). At the second visit, Foley examined Williams's abscess and prescribed antibiotics to treat it. Foley was not present at Williams's third examination, however, and Williams does not allege that Foley knew that the abscess had become infected. Even if Foley's course of treatment was unsuccessful or even negligent, without knowledge that the condition was worsening he was not acting with deliberate indifference to Williams's needs. *See Walker v. Benjamin,* 293 F.3d 1030, 1036 (7th Cir.2002) (medical malpractice does not violate the constitution); *Williams v. O'Leary,* 55 F.3d 320, 324 (7th Cir.1995) (failure to carefully review medical history and prescribe appropriate antibiotic equals malpractice, not deliberate indifference, where prisoner received some treatment).

█ But the district court should have allowed the claim against Nurse Brown to go forward. Brown was present at Williams's second examination and knew of the abscess at that time, and then examined Williams a third time and allegedly observed that over a few days the abscess had worsened and had a foul odor. After the last examination Brown apparently took no action other than to tell Williams to take his complaints to the judge. The complaint does not state how many days passed between Williams's last examination and his emergency surgery, or explain how exactly the delay affected his condition. And under federal pleading rules, these details do not yet need to be developed. Fed.R.Civ.P. 8(a); *Walker,* 293 F.3d at 1039. It is enough that Williams alleges that Brown was aware of his worsening condition, that Brown failed to respond, and that the failure to respond resulted in a further deterioration necessitating emergency surgery. *See Walker,* 293 F.3d at 1039; *Chavez v. Cady,* 207 F.3d 901, 905–06 (7th Cir.2000); *Sherrod v. Lingle,* 223 F.3d 605, (7th Cir.2000) (reversing summary judgment because a jury could find deliberate indifference if medical staff saw the progression of appendicitis symptoms over two weeks and did not send inmate for emergency care).

Williams may face an uphill battle in proving his claim against Brown. *See, e.g., Dunigan,* 165 F.3d at 592 (no deliberate indifference where prison medical staff did not obtain emergency care that could have averted prisoner's death because they did not realize that condition was life-threatening and remained attentive to prisoner). But where there is any set of facts consistent with a complaint that would entitle a plaintiff to relief, the case should go forward. *See Wynn,* 251 F.3d at 593–94. We AFFIRM the dismissal of the claims against Nickleson and Foley, VACATE the dismissal of the claim against Brown, and REMAND for further proceedings consistent with this order.