**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
*(Submitted November 21, 2005[*])*

Decided December 27, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2971

| | |
|---|---|
| JOE A. BROWDER, JR., <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> CHIEF DEPUTY JAILER OF <br> LEE COUNTY, ILLINOIS, <br>     *Defendant-Appellee.* | Appeal from the United States <br>   District Court for the <br>   Northern District of Illinois, <br>   Western Division. <br><br> No. 05-C-50065 <br><br> **Philip G. Reinhard**, *Judge.* |

**O R D E R**

Inmate Joe Browder brought suit under 42 U.S.C. § 1983 alleging as relevant here that the Chief Deputy Jailer of Lee County, Illinois violated the Eighth Amendment by first exposing him to unsanitary conditions that in turn caused a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

serious medical problem and then subsequently denying treatment of that problem. Acting under 28 U.S.C. § 1915A, the district court dismissed the complaint prior to service for failure to state a claim upon which relief may be granted. Browder appeals, and we affirm.

This lawsuit arises out of events that occurred while Browder was incarcerated at the Lee County Jail from August 15 through December 29, 2003. Browder alleges that he was exposed to unspecified unsanitary conditions at the jail which caused him to develop an infection in his right testicle. The infection caused his testicle "to swell to the size of an orange" and inflicted "excruciating pain and mental anguish." The district court ruled that because Browder failed to allege what the unsanitary conditions were or how they caused his testicle to become infected, he therefore failed to allege an unconstitutional condition of confinement. Additionally, the court held that Browder failed to allege that the defendant's deliberate indifference to his medical needs. Browder argues on appeal that he adequately stated an Eighth Amendment claim by alleging that the defendant exposed him "to unsanitary conditions which could have been attended to or corrected by the defendant."

We review the district court's dismissal *de novo* and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claims. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001) (per curiam). Because Browder is proceeding pro se, we construe his complaint liberally and subject it to less stringent scrutiny than complaints prepared by counsel. See *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Browder's complaint raises two claims: the first concerns allegedly unconstitutional prison conditions, and the second asserts an unconstitutional denial of medical treatment. In order to state an Eighth Amendment claim of either type, a plaintiff must meet both objective and subjective criteria. For the objective component, he must allege the denial of "the minimal civilized measure of life's necessities" consistent with contemporary standards. See *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In the context of his claim that unconstitutional conditions of confinement resulted in harm, this means Browder must allege that his health was unreasonably jeopardized by a risk to which contemporary society would not expose any unwilling individual. See *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Alvarado*, 267 F.3d at 651. For his denial-of-treatment claim, Browder must allege he has an objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wynn*, 251 F.3d at 593. Under the subjective component of either theory, he must also allege that the defendant acted with a "sufficiently culpable state of mind"; that is, his jailer must have been subjectively aware of the unsanitary conditions in the jail or the medical need and disregarded the excessive risk that either one of the conditions posed to Browder's health. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even if we construe Browder's complaint liberally and assume that the unspecified unsanitary conditions are serious enough to amount to a constitutional deprivation, none of his allegations even remotely supports the inference that jail officials subjectively knew about the unsanitary conditions and the risk they posed and, in the face of that knowledge, disregarded that risk. Similarly, even if we assume that Browder's infection gave rise to a serious medical problem, he does not allege that jail officials knew of this risk and disregarded it. To the contrary, Browder alleges that when he sought medical attention he was taken to a local hospital. This indicates that his jailers had regard for his health. Because he failed to allege the subjective component of either Eighth Amendment claim, we **AFFIRM** the judgment of the district court.