UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2006[*]
Decided May 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3388

| | |
|---|---|
| WADE R. MEISBERGER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ZETTIE COTTON, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States<br>    District Court for the<br>    Southern District of Indiana,<br>    Indianapolis Division<br><br>No. 1:05-cv-858-RLY-TAB<br><br>Richard L. Young, *Judge.* |

**O R D E R**

Wade Meisberger brought this suit under 42 U.S.C. § 1983, claiming that officers of the Indiana Department of Correction ("IDOC") violated his rights under the Fourteenth and Eighth Amendments by transferring him to another prison. At

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

screening, the district court concluded that his allegations were insufficient to state a claim and dismissed the suit under 28 U.S.C. § 1915A(b)(1). Meisberger then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court denied the motion, and Meisberger appeals. We affirm.

We review *de novo* dismissals for failure to state a claim under § 1915A, accepting as true Meisberger's factual allegations and drawing all reasonable inferences in his favor. *See Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). Meisberger alleged that IDOC transferred him from Pendleton Correctional Facility to Wabash Valley Correctional Facility as a disciplinary sanction for "refusing a bed move." The Conduct Adjustment Board later dismissed the bed-move charge, but Meisberger says IDOC did not return him to Pendleton which he argues was mandated by an IDOC regulation. The regulation provides that a prisoner "shall be returned to the previous assignment eligibility status as soon as possible" if his disciplinary charge is dismissed. *See* Ind. Dep't of Corr. Disciplinary Code for Adult Offenders, 02-04-101(VII)(E)(6)(d)(2004). Meisberger contends that as a result of his transfer from Pendleton, he was unable to attend Ball State College, lost $1,880 in college "grant money," and could not get a job.

Meisberger argues that he stated a Fourteenth Amendment claim because his transfer—and the resulting loss of college funds, and education and employment opportunities—occurred without procedural due process. But Meisberger was not entitled to any process preceding the transfer unless he had a liberty or property interest in remaining at Pendleton or the benefits available to him there. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Pugel v. Bd. of Trs. of the Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004). Meisberger believes that the IDOC regulation requiring that he be returned to his "previous assignment eligibility status" created a liberty interest in returning to Pendleton. But transfers from one prison to another with a more adverse condition of confinement do not affect a recognized liberty interest, *see Wilkinson v. Austin,* 125 S.Ct. 2384, 2393 (2005); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). This is so even if the transfer makes a prisoner ineligible to participate in education or work programs which could have earned him good-time credits. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000) (prisoner's transfer to facility that did not offer vocational training did not implicate a liberty interest even though transfer resulted in a loss of an opportunity to earn good-time credits); *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1995) (per curiam) (denial of access to educational program providing opportunity to earn good-time credits did not implicate liberty interest because there was no guarantee that prisoner would successfully complete program); *Wallace v. Robinson*, 940 F.2d 243, 244 (7th Cir. 1991) (inmates have no right to any job at all).

Likewise, Meisberger was not unconstitutionally deprived of a property interest in the college grant money without due process. He does not allege that IDOC officers intended to deprive him of the grant money. Without a general allegation of intent, *see* Fed. R. Civ. P. 9(b); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998), state-caused losses of property are not actionable under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Meisberger next argues that his transfer, loss of college funds, opportunity to go to college and get a job violated the Eighth Amendment. But none of these occurrences deprived Meisberger of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety. *Higgason*, 83 F.3d at 809 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Finally, the district court did not abuse its discretion when it denied Meisberger's postjudgment motion because he did not "bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

**AFFIRMED**.