Brian T. THOMAS, Plaintiff–Appellant,

v.

James E. DOYLE, et al., Defendants–Appellees.

No. 01–1773.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 2002.

Decided May 2, 2002.

Rehearing and Rehearing En Banc Denied July 18, 2002.*

See also 201 F.3d 995.

---

* Judge Williams did not participate in the consideration of the petition for rehearing en banc.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

ORDER

Wisconsin prisoner Brian T. Thomas brought this action under 42 U.S.C. § 1983 raising equal protection and due process claims against prison officials after he was disciplined for washing another inmate's back while the two were showering. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. We affirm, but for a different reason than that relied on by the district court.

I. BACKGROUND

Thomas is housed at the Waupun Correctional Institution in Waupun, Wisconsin. In April 1997 prison officials gave Thomas a conduct report alleging that he had violated the prison's prohibition on "sexual conduct" by "washing another inmate's back with a soapy towel while both men were naked in the same shower stall." During the three-week investigation into these charges, Thomas and the other inmate, Timothy Harrison, were segregated from the general prison population in separate locations.

The prison disciplinary board held a hearing, and Thomas admitted washing Harrison's back. He claimed, however, that "there was nothing sexual intended." Harrison testified that Thomas never touched him. The board credited the statement of the guard who witnessed the incident and found Thomas guilty of engaging in sexual conduct. The board revoked 90 days' earned good-time credits and sentenced Thomas to three days' segregation.

After unsuccessfully pursuing federal habeas relief to regain the good-time credits, see Thomas v. McCaughtry, 201 F.3d 995 (7th Cir.2000), Thomas brought this § 1983 action. He alleged that during the investigation of the sexual conduct charges, prison officials violated his equal protection rights by treating him more harshly than Harrison. Thomas is an African American, bisexual male with the human immuno-deficiency virus ("HIV"), while Harrison is white, heterosexual and does not have HIV. Thomas alleged that prison officials treated him more harshly than Harrison because of his race, sexual orientation, and HIV status. Although both inmates were segregated from the general population during the disciplinary investigation, Thomas alleged that he was placed in solitary confinement (which he refers to as "the hole"), while Harrison was placed in "temporary lock-up," a set-

ting Thomas claimed was less restrictive. According to Thomas, the temporary lock-up setting permitted Harrison to receive such privileges as telephone usage, visitation, access to his personal property, and the opportunity to leave his cell for exercise. Thomas claimed that he was denied these same privileges.

Thomas also alleged due process violations stemming from his disciplinary hearing, namely, that washing another inmate's back does not meet the technical definition of "sexual conduct," and that he was therefore wrongfully punished for conduct not proscribed by prison rules. He further alleged that he was improperly denied the right to cross-examine his accuser, the guard who wrote the conduct report. He also alleged violations of Wisconsin law regulating prison disciplinary investigations and hearings.

Before the defendants were served, the district court screened Thomas's complaint under 28 U.S.C. § 1915A and dismissed it with prejudice for failure to state a claim. In analyzing Thomas's equal protection claims, the court found that the defendant's actions satisfied both the deferential rational basis test-applied to Thomas's sexual orientation and HIV-status claims-as well as the more exacting strict scrutiny test-applied to Thomas's race claim. The court concluded that prison officials had a "legitimate interest in separating inmates from the general population during disciplinary investigations," and that equal protection was therefore satisfied. The court also rejected Thomas's due process claims, finding that the board had imposed a sanction of segregation, which did not implicate a protectible liberty interest. Because Thomas failed to raise a viable federal claim, the court declined to exercise jurisdiction over his state claims. Thomas filed a timely notice of appeal.

## II. ANALYSIS

Because this case reaches us on review of a dismissal for failure to state a claim, we view the facts in the record and inferences arising from those facts in the light most favorable to Thomas. *See Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001). We review *de novo* a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *See id.; DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir.2000); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999). Dismissal is appropriate only when no relief could be granted under any set of facts consistent with the complaint. *Wynn*, 251 F.3d at 592. Further, allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Id.* at 591; *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

We do not reach the merits of Thomas's equal protection and due process arguments because his claims are procedurally barred. Just prior to oral argument, this court in *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir.2002), determined that a prisoner's failure to take a timely administrative appeal within the state system means that he has failed to exhaust for purposes of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Although the procedural history of this case is somewhat complex, it is apparent that Thomas filed an untimely grievance at one step in the process. The relevant facts are as follows: Thomas initially filed a timely appeal of the disciplinary board's decision, and the warden remanded for the board to address its reasoning in more detail. The warden nonetheless affirmed the board's decision in all other respects. *See Thomas*, 201 F.3d at 997. Thomas did not file an administrative appeal of the board's revised opinion, but instead filed an action for a common-law writ of certio-

rari in Wisconsin state court, which was denied. *Id.* at 999–1000. After unsuccessfully seeking federal habeas corpus relief, *see id.* at 1000, Thomas filed this § 1983 action. When the district court pointed out to Thomas that he needed first to exhaust his available administrative remedies, he voluntarily dismissed his complaint so that he could file a second appeal to the warden. When Thomas later filed a copy of this second appeal and the warden's denial, the district court reinstated the case.

■ Under *Pozo,* however, Thomas could not remedy his earlier failure to exhaust by filing an untimely grievance. In *Pozo,* this court held that a prisoner must file a timely grievance at each administrative level in order to satisfy the exhaustion requirement of § 1997e(a). The court concluded that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo,* at 1025. Any other approach would allow a prisoner to exhaust by "spurning" his administrative remedies, a result inconsistent with the purpose behind § 1997e(a). *Id.* at 1024. *Pozo* is dispositive here because it is apparent from Thomas's complaint that he did not file an appeal from the board's revised decision until nearly three years after the decision was issued-well past the deadline proscribed by Wisconsin law. Accordingly, he has not properly exhausted his administrative remedies under § 1997e(a).

AFFIRMED.