Dwayne SANDERS, Plaintiff–
Appellant,

v.

Michael SHEAHAN, et al.,
Defendants–Appellees.

No. 98–2537.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 13, 1999.

Decided Nov. 24, 1999.

Dwayne Sanders (submitted), Pinckney-ville, IL, Plaintiff–Appellant Pro Se.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

POSNER, Chief Judge.

A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if (so far as bears directly on this case) it "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1). The question, unresolved in this circuit, see *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998), is what the standard of appellate review of such a dismissal is. In the present case, the merits of which are being decided in an unpublished order entered today, the district judge held that the complaint indeed failed to state a claim.

It is plain that the review of such a determination should be plenary, that is, without according any deference to the district judge's determination. That is how an ordinary Rule 12(b)(6) dismissal is reviewed, e.g., *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir.1997), and we cannot think of any reason why the identical ground for dismissal under section 1915A(b)(2) should be treated differently. The other circuits to have addressed the question hold that review is indeed plenary, *Liner v. Goord*, 196 F.3d 132 (2d Cir. 1999); *Cooper v. Schriro*, 189 F.3d 781, 783–84 (8th Cir.1999) (per curiam); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir.1998) (per curiam); *Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C.Cir. 1998); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

We leave to future cases what the standard of review should be if the district judge bases dismissal on one of the other grounds in section 1915A.—that the complaint is "frivolous" or "malicious" or (§ 1915A(b)(2)) that it seeks monetary relief from someone who has immunity. Since the determination in any of these cases is based solely on what the complaint says, and thus involves no factfinding, and is thus a determination of whether the

case has any possible merit, appellate review may also be plenary, as suggested in *id.* at 604. But that we need not decide, and *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir.1989) (en banc), tug the other way.

For the reasons stated in the accompanying order, the judgment is affirmed in part and reversed in part, and remanded.

## UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

No. 98–2537.

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

Submitted Oct. 13, 1999.*

Decided Nov. 24, 1999.

On Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, Wayne R. Andersen, Judge.

Before POSNER, Chief Judge, RIPPLE and KANNE, Circuit Judges.

## ORDER

In January 1998, Dwayne Sanders, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, complaining about treatment he received when he was a pretrial detainee at the Cook County Jail. The district court dismissed Sanders' complaint pursuant to 42 U.S.C. § 1915A. Because some of the allegations in Sanders' complaint are sufficient to state a claim, we vacate and remand in part, and affirm in part.

Appellant Dwayne Sanders was arrested in December 1996 and charged with burglary. He was incarcerated at the Cook County Jail as a pretrial detainee from December 1996 to September 1997. Sanders alleges that he represented himself at his bond hearing shortly after his arrest, and that he was represented by a public defender at his subsequent probable cause hearing and at trial. Not until the day of the probable cause hearing or the day of trial did Sanders meet with his attorney. Sanders was subsequently convicted and transferred to the state penal system in September 1997.

In January 1998, Sanders filed this civil rights complaint under 42 U.S.C. § 1983 against the State of Illinois; the Cook County Board of Commissioners; Michael Sheahan, Sheriff of Cook County; Ernesto Velasco, Director of Cook County Jail; and unknown "employees of Cook County Jail's Division 2 during December 1996 to September 1997." In Part One of the complaint, Sanders alleges a variety of constitutional deficiencies associated with the Illinois preliminary hearing statute. In Part Two, Sanders alleges that several conditions of his incarceration at the Cook County Jail violated his due process rights as a pretrial detainee. As a result of these deprivations, Sanders claimed that he became malnourished, that his physical health deteriorated, that he suffered excessive colds, that he was mentally traumatized, and that he was denied access to the courts. Sanders also alleged that the deprivations from which he suffered were caused by the policy or custom of the Jail and that the defendants knew or should have known about the substandard conditions of the Jail.

After granting Sanders permission to proceed in forma pauperis, the district court evaluated the legal sufficiency of

---

* This court granted the motions for noninvolvement filed by Richard Divine, Michael Sheahan, Ernesto Velasco, the Cook County Board of Commissioners, and the State of Illinois, and accordingly this appeal has been submitted without the filing of briefs by the appel-lees. After an examination of the appellants' brief and the record, we have concluded that oral argument in unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2).

Sander's complaint under 28 U.S.C. § 1915A. First, as to Part One of the complaint, the court dismissed the State of Illinois as a defendant pursuant to the Eleventh Amendment. As to Part Two of the complaint, the court dismissed Sanders' denial-of-access-to-the-court claim with prejudice, noting that Sanders was not entitled to self-representation after rejecting the assistance of court-appointed counsel and that, in any event, he had not alleged prejudice or injury.

As for the remaining conditions-of-confinement claims in Part Two, the court dismissed those claims without prejudice because they were "vague," did not "sufficiently connect" the defendants to the alleged conditions, and did not show physical injury as required by 42 U.S.C. § 1997e(e).

### I.

The Due Process Clause prohibits any kind of a pretrial detainee. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). The protections extended to pretrial detainees under the Due Process clause are at least as extensive as the protections against cruel and unusual punishment extended to prisoners by the Eighth Amendment. *See Collignon v. Milwaukee County,* 163 F.3d 982, 987 (7th Cir.1998). The Eighth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Prison officials violate the Eighth Amendment in conditions of confinement cases where (1) the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with "deliberate indifference," (the subjective standard). *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Part Two of Sanders' complaint raises a number of conditions-of-confinement claims that warrant more careful consideration than was provided by the district court. The court has dismissed these claims in part because they were "vague"—a determination that runs counter to liberal notice pleading standards. First, for instance, Sanders alleges that the Jail served nutritionally-inadequate food causing him to suffer malnutrition, which, in turn, prevented him from exercising. We considered a similar allegation in *Antonelli,* where we reversed the dismissal of a pro se prisoner's claim that he had received "not just ransid food" [sic], but also a "nutritionally deficient" diet. 81 F.3d at 1432. Because Sanders' claim of receiving meals containing "insufficient vitamins to prevent degeneration mentally or physically" fairly resembles the plaintiff's claim in *Antonelli,* the district court prematurely dismissed this claim.

Second, Sanders alleges that "the defendants have chosen not to provide medical care to remedy plaintiff's continual psychological injuries being suffered in jail." As we also noted in *Antonelli,* "[i]nmates may not be denied all treatment of a serious psychiatric or psychological condition" *Antonelli,* 81 F.3d at 1432. Sanders' allegation of being deprived of psychological treatment is sufficient to state a claim.

Third, Sanders alleges that the dormitory in which he resided provided inadequate heat and ventilation due to several broken windows, which caused him to suffer from "excessive cold." *See Del Raine v. Williford,* 32 F.3d 1024, 1035 (7th Cir.1994)(prisoners must be provided with adequate heat and ventilation). Where the prisoner alleges that his health was placed at risk due to inadequate heating, we have held that such allegations are sufficient to state a claim. *Antonelli,* 81 F.3d at 1433; *see also Murphy v. Walker,* 51 F.3d 714, 720–21 (7th Cir.1995)(per curiam).

Fourth, Sanders alleges that his dormitory was subjected to excessive noise 24 hours a day, which he alleges contributed to his migraines. As in *Antonelli,* Sanders' allegation of continuous, excessive noise states a claim under the due process clause. *Antonelli,* 81 F.3d at 1422, 1433.

Fifth, Sanders alleged that for the eight months he was detained, defendants provided him with only one small bar of soap, a sample size tube of toothpaste, and a toothbrush. The defendants also allegedly failed to provide a means for laundering his underclothes or his blanket. Prisons must provide inmates with materials sufficient to meet basic levels of sanitation and hygiene. *See Martin v. Sargent*, 780 F.2d 1334, 1337–38 (8th Cir.1985)(plaintiff's allegation that warden denied him proper items for personal hygiene sufficiently stated a claim to survive dismissal). It is not inconceivable that circumstances consistent with his allegations—especially given the eighth-month period of detention— are sufficient to state a claim. *See Antonelli*, 81 F.3d at 1431 (duration of deprivations endured by a detainee may be considered when determining whether those deprivations were serious enough to violate the Eighth Amendment).

Sanders' allegations regarding inadequate food, hygiene, heat, ventilation, and psychological treatment, as well as excessive noise, are deprivations serious enough to meet the objective standard. Sanders, however, must also satisfy the subjective standard for his claims to survive. Thus, he must also allege that the defendants acted with deliberate indifference to his health or safety. *Id.* at 1428. The defendants named in connection with Part Two of Sanders' complaint are Sheriff Sheahan, Director Velasco, and unnamed Jail employees, all sued in their personal and official capacities.

The district court dismissed Sanders' jail conditions claim partly because he had not "sufficiently connect[ed] defendants to the condition of which he complains." to the extent that Sanders has alleged deprivations that are objectively serious, however, he should be allowed a reasonable opportunity to identify unnamed defendants and amend his complaint. *See, e.g. Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 558 (7th Cir.1996); *Billman v. Indiana*

*Dept. of Corrections*, 56 F.3d 785, 789 (7th Cir.1995).

Sanders' claim against Sheriff Sheahan and Director Velasco raise additional considerations. Although Sanders may not attribute any of his constitutional claims to higher officials by the doctrine of respondeat superior, *see Antonelli*, 81 F.3d at 1428, defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions. *Id.* at 1429. Sanders' claims regarding nutritionally deficient food and inadequate hygiene are conceivably systemic conditions that can support a valid claim against Sheahan and Velasco in their personal capacity. However, because Sanders' allegations regarding heath, ventilation, and noise are confined to conditions in his particular dormitory, they do not support such a claim. Similarly, Sanders' claim of insufficient psychological treatment also reflects a localized, non-systemic violation; that claim must be dismissed as to Sheahan and Velasco in their personal capacities.

Sanders suit against Sheahan and Velasco in their official capacities, however, is sufficient. A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A government entity cannot be liable under § 1983 unless the unconstitutional violation results from an official policy or custom. *Id.* at 694, 98 S.Ct. 2018. Sanders specifically alleges that the defendants maintained policies or customs that the defendants knew would result in the prison conditions described in his complaint.

Viewing the complaint liberally and in a light most favorable to the plaintiff, *see Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.1997), the district court erroneously dismissed Sanders' condition-of-confinement claims. He was required only to make a "short and plain statement of the

claim showing that [he] was entitled to relief," Fed. R. Civ. P. 8(a)(2); *see Jackson v. Marion County*, 66 F.3d 151, 153–54 (7th Cir.1995), and this he has done.

## II.

Sanders' remaining allegations in Part Two of the Complaint are insufficient to sate a claim. First, with regard to his claim of denial of access to the courts, Sanders must allege injury or prejudice to state such a claim. *See Lewis v. Casey*, 518 U.S. 343, 360, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He states that he was force to rely on an unprepared public defender because he was denied access to the law library more than once a week. But he does not identify any defense that he may have been able to raise had he been given more time in the library. Nor does he specify how he was prejudiced as a result of being allegedly denied access to the published disciplinary rules of the prison.

Sanders also raises a claim that he was denied adequate medical care. State officials violate a pretrial detainee's right to adequate medical care when they act with deliberate indifference to serious medical needs. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir.1999). In his complaint, Sanders alleges that he suffered from an "excessive" number of colds and that he was rarely given cold medicine. He also alleges that paramedics never examined him to determine whether he required antibiotics for his condition. However, Sanders neither alleges that he requested to see a doctor nor that he suffered injury more serious than repeated outbreaks of a cold. Absent more, Sanders' medical care claim was properly dismissed.

Sanders also raises a claim that the defendants permitted gangs to intimidate the jail population. The district court apparently rejected this claim on the basis of 42 U.S.C. § 1997e(e), which requires a prisoner to show physical injury as a predicate for pursuing a damages claim for mental or emotional injury. Sanders now challenges this statute as violative of the Equal Protection Clause. In *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir.1997), however, this court upheld the constitutionality of 42 U.S.C. § 1997e(e). *See generally Robinson v. Page*, 170 F.3d 747 (7th Cir.1999).

Finally, as for the claims that Sanders raises in Part One of his complaint, the district court properly dismissed the State of Illinois as a defendant. The Eleventh Amendment prohibits an individual from suing a state in federal court. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). The Supreme Court has extended Eleventh Amendment immunity to damages suits against state officials in their official capacity. *Id.* Since Sanders is no longer a pretrial detainee he may not sue for injunctive relief. Thus, Part One of Mr. Sanders' complaint was properly dismissed.

For the foregoing reasons, this case is AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.