F I L E D
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MAY 19 2000

PATRICK FISHER
Clerk

DONALD RAY DAVIS,

     Plaintiff - Appellant,

vs.

V. BUTLER, Officer; CITY OF OKLAHOMA CITY, a Municipal Corporation,

     Defendants - Appellees.

No. 00-6005
(D.C. No. 99-CV-96-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Donald Ray Davis, an inmate appearing pro se, appeals from summary judgment on his civil rights claims, 42 U.S.C. § 1983. On appeal, Mr. Davis claims that his equal protection rights under the Fourteenth Amendment were violated when Oklahoma City police arrested him on drug charges, but

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

simultaneously released two women present with him at the time of the arrest. He also contends that summary judgment should not have been granted absent full discovery. A magistrate judge recommended that Defendants' motion for summary judgment be granted as to Mr. Davis' due process and equal protection claims, and that "an apparent judicial deception claim" against Defendant Butler be dismissed without prejudice pursuant to the court's screening function, see 28 U.S.C. § 1915A(b)(1).[1] The magistrate judge also determined that Mr. Davis had not made an adequate showing under Fed. R. Civ. P. 56(f) to warrant additional discovery before a decision on the motions. After reviewing Mr. Davis' objections, the district court adopted the magistrate judge's recommendation. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.[2]

The Equal Protection Clause provides that the government "shall not treat similarly situated persons differently unless the dissimilar treatment is rationally related to a legitimate legislative objective." <u>Jurado-Gutierrez v. Greene</u>, 190

---

[1]We should point out that dismissal of the judicial deception claim <u>without</u> prejudice was error, given that the dismissal was based upon the legal sufficiency of the complaint. <u>See</u> <u>Sanders v. Sheahan</u>, 198 F.3d 626 (7th Cir. 1999) (plenary review just as for dismissals under Fed. R. Civ. P. 12(b)(6)). However, Defendant Butler did not cross-appeal from the judgment.

[2]This appeal only involves Mr. Davis' claims against Defendant Butler. Mr. Davis did not object to the magistrate's report granting summary judgment for Defendant Oklahoma City, and thereby waived appellate review of claims regarding that defendant. <u>See</u> I R. doc. 35 ("Plaintiff has no objection to the Magistrate's recommendation for award of summary judgment to defendant City."); <u>see also</u> <u>Vega v. Suthers</u>, 195 F.3d 573, 579 (10th Cir. 1999).

F.3d 1135, 1152 (10th Cir. 1999). Therefore, in order to state a viable equal protection claim, Mr. Davis must first make a showing that he was treated differently than others who were similarly situated. See Campbell v. Buckley, 203 F.3d 738, 747 (10th Cir. 2000).

Mr. Davis has failed to show that the two women present with him at the time of the arrest were similarly situated. First, Mr. Davis was the only one in possession of the crack cocaine (i.e. it was discovered in his jacket pocket). Second, there were six outstanding warrants for his arrest at the time of the incident. These facts are sufficient to place Mr. Davis in a separate category from the two women present at the scene. Having failed to meet the initial threshold, Mr. Davis' claim must fail. We are in agreement with the magistrate judge that additional time for discovery was not warranted.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge