Chad Evan **GOETSCH**, Plaintiff–Appellant,

v.

Jarrell **BERGE**, et al., Defendants–Appellees.

No. 00–2210.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 22, 2000.*

Decided Feb. 16, 2001.

Rehearing Denied March 12, 2001.

* Appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which has thus been submitted without a brief from them. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. BAUER, Hon. KANNE, and Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Chad Evan Goetsch, an inmate at Wisconsin's Supermax prison, brought this action under 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to his severe claustrophobia. He also challenges his transfer to Supermax and claims that his Eighth Amendment rights were violated by various conditions of confinement in the prison. Goetsch appeals the district court's dismissal of his claims under 28 U.S.C. § 1915A(b)(1). We affirm.

Goetsch alleges the following, which we must take as true because we are reviewing a dismissal for failure to state a claim. *See Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000). On February 15, 2000, Goetsch was transferred from Waupun Correctional Institute (WCI) to the Supermax facility for a 30–month stint as punishment for a number of rules violations involving battery and sexual conduct. Before being transferred, Goetsch informed "crisis worker" Wall that he is claustrophobic and that the small cells with a single window normally kept shuttered would aggravate his condition. Goetsch states in his complaint that his claustrophobia is noted in his medical file.

Goetsch alleges that upon arriving at the Supermax facility, he had a claustrophobic attack that lasted over a week. Goetsch spoke with "crisis worker" Brian Kool and told "him of [his] feelings of strangulation, suffocation, isolation, depression, despair, hearing voices, and of the intensity of the situation, [his] inability to calm down or stop pacing which caused back and leg strain." Goetsch does not state on what day this conversation occurred. Goetsch asked Kool to either move him to a larger observation cell, or to have his window unshuttered, but Kool refused. Goetsch does not say whether Kool gave any reasons for his refusal. On February 25, Goetsch spoke with Dr. Wazlavek, who also refused to move Goetsch or direct that the shutter be opened. Goetsch does not say what he told Dr. Wazlavek, but alleges only that the doctor ignored his pleas to open the shutter or move Goetsch. Again Goetsch does not disclose whether Dr. Wazlavek gave reasons for his refusal. The next day, though, Dr. Hammer ordered Goetsch's window unshuttered, and this helped Goetsch's condition though he still suffers moderate claustrophobia.

Goetsch sued in April 2000, raising numerous complaints about his conditions of confinement, including his allegations

about his claustrophobia. The district court construed Goetsch's claustrophobia claim to be alleging that prison officials were deliberately indifferent to conditions of confinement that were a threat to his health and safety. The court dismissed, finding that Goetsch had not stated a claim for deliberate indifference because, by admitting that Dr. Hammer had ordered his window unshuttered, Goetsch acknowledged that his complaints about claustrophobia had been addressed.

Our review of the district court's decision is plenary. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir.1999). The dismissal will be affirmed only if it is beyond doubt that Goetsch can prove no set of facts consistent with his allegations that would entitle him to relief. See *Zimmerman,* 226 F.3d at 571; *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir.1997).

In order to make out a claim for violation of an his Eighth Amendment right to adequate conditions of confinement, Goetsch was required to allege two things. First, he needed to claim that there was an objectively serious danger that posed a substantial risk of serious harm to his health or safety. See *Estate of Novack ex rel. Turbin v. County of Wood,* 226 F.3d 525, 529 (7th Cir.2000). Second, Goetsch needed to allege that the prison officials were deliberately indifferent to the risk, in other words that they knew of and disregarded the risk. See *id.*

Goetsch's allegations failed to state a claim. First, we doubt whether Goetsch's claim that he was placed in a shuttered cell despite his claustrophobia meets the standard of alleging an excessive risk to his health or safety. Goetsch has not cited, and we could not find, any cases holding that placing an individual with claustrophobia in such a cell creates an objectively serious danger, and given that confinement of prisoners in cells of limited size is inherent in imprisonment, we are hesitant to make such a finding outside of an extreme case.

We need not decide whether Goetsch has alleged an objectively serious threat to his health or safety, however, because his allegations fail to demonstrate deliberate indifference by the defendants. In order to show deliberate indifference on the part of the defendants, Goetsch must demonstrate that they knew of facts from which they could infer a substantial risk of serious harm, that indeed they drew the inference, and that they ignored the risk See *Higgins v. Correctional Med. Serv. of Ill., Inc.,* 178 F.3d 508, 511 (7th Cir.1999). Goetsch needed to allege recklessness on the part of the defendants, not mere negligence or poor judgment. See *Tesch v. County of Green Lake,* 157 F.3d 465, 475–76 (7th Cir.1998). Goetsch asserted merely that he told Kool and Dr. Wazlavek that he was suffering from feelings of claustrophobia and that he wanted to be moved to a bigger cell. He does not allege that he told these defendants that he was clinically diagnosed with claustrophobia, nor that he complained to either of the defendants more than once. Once again, given the small size of cells in prisons, we fail to see how a prison official's refusal to transfer a prisoner in response to one complaint of feelings of claustrophobia suggests deliberate indifference.

Finally, we note that the district court was correct in holding that Goetsch defeated his claim by acknowledging that Dr. Hammer ordered his shutter opened, which Goetsch admits improved his condition. Goetsch asserts on appeal that he has a claim of deliberate indifference for the eleven days between his arrival at Supermax and the day when Dr. Hammer opened his shutter, but as this court has noted mere delay does not constitute deliberate indifference. See *Langston v. Pe-*

*ters,* 100 F.3d 1235, 1240 (7th Cir.1996); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir.1995).

 Goetsch's allegation that his transfer to Supermax itself was improper also does not state a claim. He does not allege any facts demonstrating that his transfer imposed "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Williams v. Ramos,* 71 F.3d 1246, 1249 (7th Cir.1995). Furthermore, Goetsch is serving a life sentence and there is no allegation that his transfer will lengthen that sentence. *See Williams,* 71 F.3d at 1250.

Goetsch also lists in his complaint a number of conditions of his confinement that he believes constitute cruel and unusual punishment. Having reviewed these allegations, we find that none of them states a claim upon which relief can be granted.

For the foregoing reasons the judgment of the district court is AFFIRMED.