Bruce **FIELDS**, Plaintiff–Appellant,

v.

Mohamm **RAHIMPARAST**, et al., Defendants–Appellees.

No. 01–3828.

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 2002.*

Decided July 3, 2002.

---

* Defendants, who have not been served with process, have not participated in this appeal. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Before BAUER, RIPPLE, MANION, Circuit Judges.

## ORDER

Illinois inmate Bruce Fields sued prison staff under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim. Fields appeals, and we affirm.

Fields' complaint addresses the prison staff's treatment of his hemorrhoids, which were first diagnosed by prison doctor Mohamm Rahimparast in February 1999. Upon diagnosis, Dr. Rahimparast referred Fields to a surgeon, who removed the hemorrhoids on March 10 and discharged Fields the same day with detailed postoperative treatment instructions. In particular the surgeon prescribed three warm sitz baths every day for six days to help keep the affected area clean, to reduce infection, and to promote healing. But when Fields returned to prison, Dr. Rahimparast altered Fields' post-operative treatment plan, replacing the sitz baths with warm compress rags. Dr. Rahimparast told Fields that he discontinued the sitz baths because Fields was a segregation inmate, and for security reasons sitz bath treatment was unavailable to him. Fields alleges that Dr. Rahimparast's refusal to provide sitz baths was "callous" and "in bad faith."

Fields complained about the substituted treatment to various members of the prison medical staff, including the prison's healthcare administrator, Rejean Veichard, and the healthcare unit's medical director, Dr. Larson, but neither Veichard nor Dr. Larson took action to ensure Fields received sitz baths while in segregation. As a result, during the six-day period immediately following his surgery, Fields received sitz baths only when in the healthcare unit, and thus he participated in only four ses-

sions. Fields suffered some post-operative complications and on March 27 he was reexamined by the surgeon, who told him that he would have already healed if he had received the sitz baths as ordered. The surgeon again prescribed sitz bath sessions, which Fields received that week because he was no longer in segregation.

After exhausting administrative remedies, Fields filed this lawsuit alleging that Dr. Rahimparast's substitution of post-operative treatments delayed his healing process and caused him pain, in violation of the Eight Amendment's prohibition against cruel and unusual punishment. As defendants, Fields named Dr. Rahimparast, Dr. Larson, Veichard, and the assistant warden in charge of the prison healthcare unit. In dismissing Fields' complaint, the district court assumed that Fields' hemorrhoid condition constituted a serious medical need, but went on to conclude that Fields had alleged facts showing that Dr. Rahimparast and the prison medical staff had not been deliberately indifferent to him or his medical needs.

On appeal Fields primarily argues that the district court erred in dismissing his case for failure to state a claim. We review the district court's decision *de novo*, *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir.1999), and in reading plaintiff's complaint, we assume all factual allegations Fields asserts to be true and we view these facts in the light most favorable to him, *see Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.1997). Moreover, because Fields proceeded *pro se* in district court, we construe his complaint liberally, and subject it to less stringent scrutiny than complaints prepared by counsel. *See id.* Nevertheless Fields can plead himself out of court by alleging facts which show that he has no claim. *See id.* at 1374.

■ Fields has failed to allege facts showing that the defendants deliberately disregarded his medical condition or denied him medical treatment. To state a cognizable claim, Fields must allege acts or omissions sufficiently harmful to show deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We may infer a doctor's deliberate indifference from his treatment decisions only if his actions represent "a substantial departure from accepted professional judgment, practice, or standards." *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir.2001). Fields' account of his medical care reveals that prison staff provided him substantial treatment for his medical condition, albeit not the treatment he preferred. Dr. Rahimparast diagnosed Fields' hemorrhoids, and promptly referred him to a surgeon for treatment. Prison medical staff continued to monitor Fields' condition after his surgery, and when post-operative complications developed, they referred him to a surgeon for additional treatment. In light of the prison's security concerns, Dr. Rahimparast's decision to prescribe the warm compresses as an alternative palliative to sitz baths does not support a finding that prison medical staff treated Fields' hemorrhoids with deliberate indifference.

At the crux, Fields' complaint alleges disagreement and dissatisfaction with a prescribed course of treatment, but alleging such dissatisfaction fails to state an Eighth Amendment claim. Matters of medical judgment, such as whether one course of treatment is preferable to another, are questions of tort and beyond the scope of the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996) (inmate's disagreement with doctor's chosen course of treatment does not amount to deliberate indifference). An inmate in need of medical treatment does not have the constitutional right to demand

a particular type of treatment if some other treatment option is available. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997) (inmate not entitled to demand either specific care or the best care possible). And although Fields' surgeon might have believed sitz baths to be the more effective post-operative treatment, mere differences of opinion among medical personnel regarding a patient's appropriate treatment does not give rise to a deliberate indifference claim. *Estate of Cole v. Fromm,* 94 F.3d 254, 261 (7th Cir.1996). At most, Fields' complaint may have alleged negligence, in the form of improper post-operative treatment, but such an allegation does not state an Eighth Amendment claim. *See Gutierrez,* 111 F.3d at 1374; *Snipes,* 95 F.3d at 590–91. Accordingly, the district court properly dismissed the case for failure to state a claim.

Fields also argues that the district court should not have dismissed his case without service being made on defendants and that the district court violated his due process rights by taking two years to render a judgment. The district court was required to screen Fields' complaint as soon as practicable after docketing, *see* 28 U.S.C. § 1915A(a), and two years seems to be an inordinate delay in dismissing a case, even here, where the case was reassigned to a new judge. But while unfortunate, the delay did not prejudice Fields' case because he had fully recovered before he filed suit, and ultimately the court properly determined that his complaint failed to state a claim. *See* 28 U.S.C. § 1915A(b)(1); *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999) (Section 1915A applies to all prisoners who bring suit against a governmental entity, officer, or employee).

Finally, Fields' remaining claims that the district court abused its discretion—by failing to construe his complaint liberally and refusing to review his pendent state claims (negligence and medical malpractice)—are meritless and warrant no discussion.

AFFIRMED.