**George ANDREWS, Plaintiff–Appellant,**

v.

**Craig A. HANKS, et al., Defendants–Appellees.**

**No. 01–1454.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Oct. 21, 2002.

---

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Indiana inmate George Andrews sued various prison officials at Wabash Valley Correctional Facility under 42 U.S.C. § 1983, alleging they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim, and Andrews appeals. We affirm in part, and vacate and remand in part.

On February 13, 2000, Andrews fell from the top of a trash dumpster while working on the labor line. The next day Andrews visited the medical clinic, complaining of pain and swelling in his left wrist. Clinic staff scheduled a doctor's appointment, gave him Motrin and put an OCL splint[1] on his wrist from mid-finger to mid-forearm. Andrews returned to the medical clinic the next day with the same complaints and medical staff scheduled him for an x-ray. The x-ray revealed a "fracture involving the navicular." At one of these early visits, Andrews received a wrist brace from Dr. Chavez,[2] one of the

---

1. OCL is plaster splinting material. *See* OCL Plaster Splinting System, http://www.m-pact-med.com/pdf/ PlasterSplintingbrochure.pdf (last visited Sept. 11, 2002); JKL Medical Dictionary, http://www.jklcompany.com/o.html (last visited Sept. 11.2002).

2. Andrews named "Dr. Chaze" as a defendant, but the documents he attached to the

defendants in this action. Approximately two weeks later, Andrews returned to the clinic and the clinic staff scheduled him for a circulation assessment and a medical consult. During March Andrews visited the clinic several times for consultations and x-rays. He received an Ace bandage on March 5th and an OCL wrist splint on March 10th. On March 31 Andrews was sent to Wishard Memorial Hospital to see an orthopedic specialist, who ordered an MRI and considered several different courses of treatment. The Wishard doctor recommended surgery and instructed Andrews to continue wearing his wrist brace until surgery could be performed.

On April 29 Andrews visited the prison medical clinic to replace his brace, which was coming apart. Instead of replacing his brace, however, Nurse Jodi Ashba confiscated the brace, leaving his wrist without any support. Although documents provided by Andrews suggest that the nurse took away the brace because there was "no med. order for this item," Andrews alleges that she kept the brace because it contained a metal piece and because she said nothing was wrong with his wrist. She also told him to stop whining. Andrews filed a grievance regarding the incident but did not obtain any relief. There is no information in his complaint or brief about whether he used the grievance appeal process. Further, there is no information about whether Andrews ultimately received a new brace or surgery.

In October 2000 Andrews filed suit in the district court alleging an Eighth Amendment violation based on deliberate indifference to his serious medical needs by four defendants: Dr. Chavez, Nurse Ashba, Medical Director Don Osborne, and Superintendent Hanks. The district court dismissed Andrews's complaint, concluding that he failed to allege deliberate indiffer-

ence and therefore did not state a claim under the Eighth Amendment.

On appeal Andrews argues that the district court erred in dismissing his case for failure to state a claim. We review the district court's decision de novo, *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999), and in reading the complaint we assume all factual allegations to be true and view them in the light most favorable to the plaintiff, *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir.1997). Moreover, because Andrews proceeded *pro se* in the district court, we construe his complaint liberally and subject it to less stringent scrutiny than complaints prepared by counsel. *Id.* at 1369. Nevertheless, even a *pro se* plaintiff can plead himself out of court by alleging facts that show he has no claim. *See id.* at 1374.

We turn first to Dr. Chavez. To state a viable Eighth Amendment claim, Andrews must allege that prison officials were deliberately indifferent to his serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference contains both subjective and objective elements. First, the prisoner must identify that he has an objectively serious medical need. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Second, the prison official must have acted with a "sufficiently culpable state of mind," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); that is, he must have been aware of the prisoner's medical need and disregarded an excessive risk to the prisoner's health or safety. *Wynn*, 251 F.3d at 593.

■ Andrews cannot claim deliberate indifference by Dr. Chavez. Andrews alleges in his complaint that Dr. Chavez told him nothing was wrong with his wrist and

complaint and appellate brief reveal that the

doctor's name is spelled "Chavez."

thus failed to treat the break for two months, but the extensive records attached to his complaint and appellate brief demonstrate that Andrews received prompt and substantial care in the two months following his accident. *See* Fed.R.Civ.P. 10(c); *Wynn,* 251 F.3d at 594 (documents attached to complaint are to be read as part of complaint). Andrews visited the clinic several times, obtained two OCL splints, received x-rays, obtained an Ace bandage to wrap his wrist, obtained a wrist brace immediately after the accident from Dr. Chavez personally, received orders to take Motrin and Tylenol for his pain, and eventually was taken to an orthopedic specialist for care. Although it is not clear from the records exactly how Dr. Chavez participated in this care, Andrews was not ignored by prison medical staff. His recovery was indeed slow, but while Andrews may not view the care he received as sufficiently aggressive for a broken wrist, his disagreement with medical providers does not demonstrate deliberate indifference. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996). It is true that repeated acts of negligence may constitute deliberate indifference, but this is not such a case. *Compare Kelley v. McGinnis,* 899 F.2d 612, 616–617 (7th Cir.1990) (three years of ineffective treatment). Prison medical staff treated Andrews immediately with x-rays and immobilizing devices, and when his fracture failed to heal within six weeks, he was sent to a specialist.

Andrews counters that the district court should at least have given him leave to amend before dismissing with prejudice as against Dr. Chavez. But, leave to amend was not required as the complaint against Dr. Chavez could not have been cured with an amendment. *Williams v. United States Postal Serv.,* 873 F.2d 1069, 1072 (leave to amend need not be granted when an amendment will not cure legal deficiencies).

■ Nurse Ashba, however, presents a different situation. The complaint and attached documents show that when Andrews visited the prison clinic on April 29, 2000, his brace was coming apart and he wanted a new one. Andrews alleges that instead of replacing or repairing the brace, Ashba declared his wrist to be fine and, contrary to doctor's orders, confiscated the brace, leaving his wrist without support. Although there is no mention in the records about whether Andrews ever received a new brace, he was still seeking a replacement on May 25, 2000. This was enough to state a claim for deliberate indifference, and the district court should have allowed Andrews to proceed with this claim. Andrews alleges a serious medical need–a broken wrist–that Ashba knew about and disregarded. *See Murphy v. Walker,* 51 F.3d 714, 720 (7th Cir.1995) (defendant stated Eighth Amendment claim when he alleged that prison officials removed cast from his broken hand in violation of a doctor's orders). Although documents attached to the complaint hint that Ashba confiscated the brace pursuant to a prison rule, Andrews points out that he had the brace from February until April, and that Dr. Chavez gave it to him without any suggestion that he was not supposed to have it. Further, Ashba's motivation for taking the brace may be valid, but her failure to provide an acceptable substitute could suggest deliberate indifference. Ashba's real motivation for confiscating the brace and failing to provide an alternative is not a matter for resolution at this preliminary stage.

Andrews also raises claims against Superintendent Hanks and Medical Director Osborn. In his complaint, Andrews alleges that he "notified Defendant Craig Hanks, Supt .... in which he did nothing." Regarding Osborne, Andrews alleges, "I contacted him, but nothing was ever done nor did I get any response." When

making a § 1983 claim against administrative defendants who did not directly provide medical care, a plaintiff cannot simply rely on a theory of *respondeat superior* or negligent supervision. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999). Rather, a plaintiff must allege personal involvement. *See Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir.1998). Although a letter to prison officials may be sufficient to allege personal involvement, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), Andrews's claim against Hanks and Osborn suffers from a flaw. To the extent that Andrews alleges that the officials had any knowledge about his medical treatment, he suggests only that they knew about the alleged two month delay in care. Nowhere does he suggest that they had any personal knowledge about the brace incident. Because we find that the alleged delay in care did not raise a constitutional claim, the claims against the administrators for the delay must fail.

The judgment of the district court is AFFIRMED IN PART, and VACATED AND REMANDED IN PART.