**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 18, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-1826

| | |
|---|---|
| TITUS HENDERSON, | Appeal from the United States District Court |
| *Plaintiff-Appellant,* | for the Western District of Wisconsin. |
| | |
| *v.* | No. 06-C-12-C |
| | |
| MATTHEW J. FRANK, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Titus Henderson, an inmate at the Wisconsin Secure Program Facility (WSPF), sued a number of prison officials for a host of alleged violations of his constitutional rights. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and in a meticulous 61-page order, it dismissed all claims related to the previous prison that housed Mr. Henderson, as well as some of the claims related to his current prison. The court nevertheless permitted Mr. Henderson to proceed on sixteen claims, including claims based on the First and

---

[*] Appellees Corrections Corporation of America and its employees were never served in this case and are not participating in this appeal. After examining the briefs of the remaining parties and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)

Eighth Amendments.  Mr. Henderson moved to amend his complaint, and the district court denied the motion.  The case proceeded to trial, and the defendants ultimately prevailed (either through judgment as a matter of law or through a jury verdict) on all claims.  Mr. Henderson now appeals, alleging a panoply of errors.  We affirm in part, vacate in part, and remand for further proceedings.

We turn first to the district court's dismissals under § 1915A for failure to state a claim, which we review de novo. *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999).  We construe all facts in the light most favorable to Mr. Henderson, and we will draw all reasonable inferences in his favor.  *See Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001).  We affirm these dismissals only when the complaint "fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'"  *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 2008 WL 593773 (U.S. May 12, 2008) (No. 07-1127) (quoting *Bell Atl. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

The first of the screening dismissals is related to facts predating Mr. Henderson's placement in the WSPF.  Mr. Henderson claimed that Corrections Corporation of America (CCA) and its employees violated his due-process rights by placing him in disciplinary segregation for 90 days without a hearing, allegedly in retaliation for interfering with profits from an illegal business.  To succeed on his due-process claim, Mr. Henderson would have to show CCA denied him a constitutionally protected liberty interest.  *See Domka v. Portage County*, 523 F.3d 776, 779-80 (7th Cir. 2008).  Placement in disciplinary segregation does not implicate a liberty interest unless it poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).  To determine whether Mr. Henderson endured such a hardship, the district court would have had to compare the conditions of *disciplinary* segregation at the CCA facility with *discretionary* segregation there.  *See Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005).  In *Lekas*, dismissal at the screening stage was proper because the complaint alleged, in "painstaking detail," facts that allowed us to determine that the conditions of disciplinary segregation were no different than those we had already held did not constitute an atypical hardship.  *Id.* at 612.  Mr. Henderson's complaint does not supply such details, though, so he has not pleaded himself out of court, and more factual development is needed to determine whether disciplinary segregation denied Mr. Henderson a protected liberty interest.  *See id.* at 613.  Thus, the district court erred in dismissing the claim against the CCA defendants, and we remand for further proceedings on that claim.

Next, the district court dismissed Mr. Henderson's access-to-courts claims.  Denying a prisoner access to the courts violates the First Amendment.  *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004).

Mr. Henderson's first type of access claim is that several prison officials interfered with his legal mail, but to plead that type of "backward-looking" claim, *see Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007), the plaintiff must describe in the complaint the underlying litigation that he lost because of the illegal interference and also explain what remedy is available that could not be gained by filing a future suit, *Christopher v. Harbury*, 536 U.S. 403, 405-06, 414 (2002). Mr. Henderson did not do either of these things, and so the district court did not err in dismissing these claims.

Nor did the district court err in dismissing Mr. Henderson's other access-to-courts claim, in which he alleged that a John Doe defendant denied him access to court by destroying records relevant to a prior suit. This alleged violation took place after he had filed the suit in question, and so the proper forum for addressing the abuse was the court hearing that case, not another court in a later lawsuit. *See Swekel v. City of River Rouge*, 119 F.3d 1259, 1263-64 (6th Cir. 1997).

The district court also dismissed a number of First Amendment claims alleging that prison officials confiscated some of Mr. Henderson's outgoing mail. But Mr. Henderson admits in his complaint that he sealed the envelopes of those letters before handing them to prison officials. Prison officials do not violate the Constitution when they demand to inspect outgoing mail for contraband, and so Mr. Henderson pleaded himself out of court on this claim. *See Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986).

Next, the district court dismissed a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Mr. Henderson alleged that WSPF and its chaplain refused to purchase religious texts for Mr. Henderson, who is a Taoist and the only practitioner of that faith at WSPF. But the district court properly noted that the RLUIPA does not require a state to purchase for an inmate "devotional accessories," and it thus properly dismissed this claim. *See Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) (citing *Charles v. Verhagen*, 348 F.3d 601, 605 (7th Cir. 2003)).

The district court allowed Mr. Henderson to proceed on his remaining claims, but he was unhappy with the court's screening order and filed a 70-page amended complaint. The amended complaint contained the same claims that the district court had dismissed in its screening order and purported to correct some of the deficiencies that led to their dismissals. The district court rejected the amended complaint because it failed to remedy the problems with the prior complaint and contained claims the court had already dismissed. The district court also gave Mr. Henderson detailed instructions on how he could file an amended complaint that it would accept. Mr. Henderson, however, declined to file an amended complaint complying with those instructions. In a prior case before the same district judge, Mr. Henderson filed a massive amended complaint that contained

previously dismissed claims, and the court refused to allow him to amend, instead instructing him on how to submit an amended complaint it would accept. *See Henderson v. Huibregtse*, No. 07-2571, 2008 WL 2420906, at * 3 (7th Cir. June 12, 2008). We saw no abuse of discretion in that case, and we see none now.

Mr. Henderson's case proceeded to trial on the claims that were not dismissed. At the conclusion of the trial, the defense moved for judgment as a matter of law, which the court partially granted. On appeal, Mr. Henderson challenges the grant of judgment as a matter of law on only two claims. We review de novo the district court's grant of judgment as a matter of law. *Lasley v. Moss*, 500 F.3d 586, 590 (7th Cir. 2007). A district court may grant judgment as a matter of law if the court finds there would be no "legally sufficient evidentiary basis" to find for a party on an issue. FED. R. CIV. P. 50(a)(1).

Mr. Henderson first argues that there was sufficient evidence to reach a jury on his claim that the prison improperly forced him to choose between exercise or using the law library during his allotted recreation time. But his request for an injunction to end the policy had been rendered moot during the course of his case because the prison changed the policy in response to other litigation. That left just his claim that the lack of exercise violated the Eighth Amendment's prohibition on cruel and unusual punishment. Lack of exercise may give rise to an Eighth Amendment claim in extreme situations. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Mr. Henderson's theory was that lack of exercise caused his muscles to atrophy, which resulted in a painful muscle pull. But Mr. Henderson offered only minimal evidence regarding this claim; he never showed that prison personnel violated his right to humane conditions of confinement with deliberate indifference by knowing of and disregarding a risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Accordingly, no reasonable jury could have found for him on that issue.

Nor could a reasonable jury have found for him on the two remaining mail claims. As to the first of these claims, the prison employee in question testified at trial that he did not seize the letters because of their content and that, in fact, he had no idea what their contents were. Instead, he explained that he seized one of the letters because the prisoner number on that particular envelope had been rubbed off in violation of prison policy. Mr. Henderson offered no evidence at all about the second letter. And in neither case did Mr. Henderson offer any evidence to show that the purpose of the seizure was censorship, so judgment as a matter of law was appropriate.

Regarding Mr. Henderson's other mail claim, the uncontroverted evidence at trial was that a prison employee denied Mr. Henderson the use of legal loan funds to send a letter to former Senator Bill Frist. The denial was proper under WIS. ADM. CODE §

DOC 309.51, which provides that funds may be used for correspondence with "courts, attorneys, parties in litigation, the inmate complaint review system . . . or the parole board." The list does not authorize legal loan disbursement to mail a Senator. And this policy does not violate the Constitution because Mr. Henderson is not entitled to unlimited free postage, *see Gaines*, 790 F.2d at 1308 (7th Cir. 1986), nor a subsidy to exercise his right to petition the government, *see Lewis v. Sullivan,* 279 F.3d 526, 528 (7th Cir. 2002). Accordingly, the district court did not err in granting judgment as a matter of law on this claim.

Finally, Mr. Henderson raises a number of other arguments on appeal, which we have reviewed and found to be either without merit, frivolous, or undeveloped. As to the claim against the CCA defendants, we VACATE the district court's dismissal and REMAND for further proceedings. Regarding all other claims against all other defendants, the judgment of the district court is

AFFIRMED.