NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009*
Decided April 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2567

| | |
|---|---|
| GREG WHITE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:07-cv-00437 |
| THOMAS MONOHAN, et al., | |
| *Defendants-Appellees*. | William T. Hart, |
| | *Judge*. |

**O R D E R**

Greg White, a civilly committed person previously housed at the Joliet Facility for Sexually Violent Persons, brought suit under 28 U.S.C. § 1983 against Thomas Monohan, the director of the facility, and several facility employees. White alleged that the inhumane conditions of his confinement—including poisonous drinking water, extreme temperatures,

---

*After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

and insect infestation—violated his right to due process. The district court dismissed White's claims for failure to state a claim. We vacate and remand.

White alleged the following facts in his amended complaint and his briefs, which we may consider so long as the brief's allegations are consistent with the complaint. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). For over five years White was civilly confined to a cell where he was forced to drink "foul infested brown colored contaminated water" that he calls poisonous and that the Environmental Protection Agency had deemed dangerous; he attached an EPA report from his detention center detailing the levels of contamination in the water. He also contended his cell lacked proper air ventilation, producing excessive heat in the summer and excessive cold in the winter. In his response to Monohan's motion to dismiss, White elaborated that the cell reached temperatures as high as 110 to 130 degrees during the summer. Additionally, he alleged that his cell was infested with "bugs, roaches, spiders, wasps, [and] bees" that had bitten and stung him, leaving scars on his legs, arms, and back. In his brief on appeal, White elaborates further that these conditions have led him to vomit blood. White claimed that he informed facility officials, including Monohan, of the conditions in his cell, but that everyone he told not only refused to address his concerns, but actually retaliated against him by trying to worsen the conditions in his cell. White asked for money damages and requested a consultation with an outside medical doctor.

The district court screened White's complaint, 28 U.S.C. § 1915A, and dismissed his claim about the poisonous drinking water, reasoning that White had failed to allege that the water at the facility was worse than that in the general area. The court later dismissed the remaining claims for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), explaining that White had failed to allege that either the extreme temperatures or infestation had been severe enough to cause him injury. White appeals.

We apply de novo review to both a § 1915A dismissal at screening and a Rule 12(b)(6) dismissal for failure to state a claim. *See Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). We will review somewhat more liberally White's pro se complaint than we would one drafted by a trained attorney. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam); *Obriecht v. Raemisch*, 517 F.3d 489, 492 n. 2 (7th Cir. 2008). As with our review of any order dismissing a case for failure to state a claim, we draw all inferences in the plaintiff's favor. *See INEOS Polymers Inc. v. BASF Catalysts*, 553 F.3d 491, 497 (7th Cir. 2009). White's complaint need only "illuminate the nature of the claim and allow the defendants to respond," *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007), though he can unwittingly plead himself out of court by asserting facts that preclude relief, *see Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). The Due Process Clause protects White, a civilly committed person, against cruel and inhumane treatment;

here, this protection means that the government may not, through deliberate indifference to a known risk of serious injury, deny White "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008); *Collignon v. Milwaukee County*, 163 F.3d 982, 987 (7th Cir. 1998).

White has stated a due-process claim based on the alleged conditions of his confinement. We turn first to White's poisoned-water claim. The district court reasoned that White could not maintain a claim based on poisonous water because it assumed, in the defendant's favor, that White drank "the same water used by the area's general population." But White alleged that the facility staff were told not to drink the facility's water because the *facility's* water was poisonous, thereby distinguishing it from the general population's water. The district court also reasoned that, under *Carroll v. DeTella*, 255 F.3d 470 (7th Cir. 2001), White could not maintain a claim based on allegations of polluted water as a matter of law. But *Carroll* was decided on summary judgment. And in *Carroll* we explained that were the government "[p]oisoning the prison water supply" (which it was not in *Carroll*) then the government's conduct would be unconstitutional, but simply "failing to provide a maximally safe environment" for prisoners did not amount to a constitutional violation. *Carroll*, 255 F.3d at 472. *See also Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) (suggesting inmates could successfully complain about unsafe drinking water without waiting for onset of symptoms). Moreover, in *Carroll*, the evidence at summary judgment did not establish that the water supply violated EPA standards, and we held that, as such, the water was not so polluted as to amount to a constitutional violation. *Id*. at 473. By contrast, White alleges that officials knew that the water at his facility has fallen below EPA standards, and he submitted evidence to this effect. Accordingly, we cannot say that White's allegation of water poisoning fails to state a claim upon which relief can be granted.

Similarly, White has stated a conditions-of-confinement claim based on extreme cell temperatures resulting from poor ventilation. Regarding White's allegations of temperatures exceeding 110 degrees, the district court thought that it was "not credible that [White's] cell reached that high a temperature for a sustained period of time since plaintiff does not allege that he suffered from any temporary or permanent heat-related illness." But in deciding a motion to dismiss, the district court must accept as true all well pleaded facts and draw all permissible inferences, other than the utterly fantastic, in the plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). Here, White's allegations that summer-time temperatures exceeded 110 degrees are not absurd. And furthermore, he did allege that the conditions of his cell caused him to vomit blood. Therefore, White's claims of poor ventilation and extreme temperatures sufficiently stated a claim. *See Sanders v. Sheahan*, 198 F.3d 626, 628-29 (7th Cir. 1999) (reversing district court's dismissal of prisoner's complaint and holding that prisoner had stated a claim based on excessive heat and poor ventilation); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (explaining that prisons

must provide "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities" (quotation marks and citation omitted)); *Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (holding inmate could state an Eighth Amendment cause of action based on poor ventilation); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (holding prisoner could bring suit claiming inhumane conditions; "[c]old temperatures need not imminently threaten inmates' health to violate the Eighth Amendment"); *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994) (holding inmate need not allege frostbite or hypothermia to establish that cold temperatures endangered inmate's health).

Next we come to White's claim of insect infestation, which the district court dismissed because White did not allege an injury or illness resulting from the infestation. The district court relied on *Sain,* where we rejected an infestation claim at the summary judgment stage because the civilly committed person had failed to show that the pest infestation (several cockroaches) produced any serious injuries. 512 F.3d at 894. But White has alleged a more serious infestation than the one at issue in *Sain*: White claimed that for over five years the "bugs, roaches, spiders, wasps, [and] bees" had bitten and stung him so often as to leave multiple scars, wounds, and sores, causing him internal injuries. Though this is a close case, we believe White's allegations of permanent injuries are sufficiently serious to state a claim based on pest infestation. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (holding inmate had stated a claim for inhumane conditions of confinement based on allegations of pest infestation spanning sixteen months even where prison official sprayed cell twice).

Finally we turn to Monohan's argument that White's complaint failed to allege his personal involvement in the misconduct. White has alleged generally in his amended complaint that all the defendants (including Monohan) were aware of the conditions of White's cell and did "nothing" to address the conditions except make them worse. The defendants are therefore on notice of White's grievance of their alleged personal involvement, *see* Fed.R.Civ.P. 8. *See also Antonelli*, 81 F.3d at 1429 (holding that general allegation that defendants were involved in unconstitutional conditions of cell sufficient to state a claim); *Reed v. McBride*, 178 F.3d 849, 853-55 (7th Cir. 1999) (holding that prisoner had sufficiently stated a claim where prisoner alleged officials were aware of inhumane conditions and did nothing to alleviate the problem sufficiently stated a claim).

Accordingly, we VACATE the district court's judgment and REMAND for further proceedings.