United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41170

SANTIAGO VASQUEZ,

Plaintiff-Appellant,

versus

DOUG DRETKE, Director, Texas Department of Criminal Justice,
Correctional Institutions Divisions, D. BLEVINS, DAVID COLLINS, and
AHIA SHABAZZ.

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 6:05-CV-00051)
_____

Before REAVLEY, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Santiago Vasquez appeals the dismissal of his § 1983 action. Vasquez

alleges that the defendants, including the warden of Vasquez's prison unit, the

Director of Clinical Services, a physician's assistant, and two dentists, violated

Vasquez's constitutional rights by refusing to provide him with dentures. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

magistrate judge dismissed Vasquez's suit as frivolous and for failing to state a claim pursuant to 28 U.S.C.A. § 1915A(b)(1)&(2).[1] We find that Vasquez has stated a claim under the Eighth Amendment against defendants Dr. Wells and Dr. Collins, and therefore reverse in part, affirm in part, and remand for further proceedings.

## I. Standard of Review

The Prison Litigation Reform Act (PLRA) requires courts to dismiss a prisoner civil rights suit if the action is frivolous or does not state a claim upon which relief may be granted. 28 U.S.C.A. § 1915A(b)(1)&(2). We review the dismissal of a complaint as frivolous for abuse of discretion, but review a dismissal for failure to state a claim under a *de novo* standard. *See Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). We construe Vasquez's pleadings liberally, as he is a pro se litigant, and will dismiss his claim only if he could prove no set of facts that would entitle him to relief. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 596 (1972).

---

[1]Vasquez consented to have the magistrate judge enter final judgment in this case. *See* 28 U.S.C.A. § 636(c)(1).

## II.  Analysis

Vasquez has claimed that the defendants violated the Eighth Amendment by denying him dentures.  To prevail on an  Eighth Amendment claim, a prisoner must prove that the defendants were deliberately indifferent to his serious medical need, leading to an unnecessary and wanton infliction of pain.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).

A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.  *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).  Vasquez has alleged that because he has no dentures, he suffers from difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool.  In addition, a doctor recommended dentures for Vasquez.  These allegations are sufficient to state a claim for a serious medical need for dentures.  *See Farrow v. West*, 320 F.3d 1235, 1244–45 (11th Cir. 2003) (holding that a prisoner with similar symptoms demonstrated a serious medical need for dentures); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (same); *Hunt v. Dental Dept.*, 865 F.2d 198, 201 (9th Cir. 1988) (same).

Vasquez has also alleged that the dentists Collins and Wells were deliberately indifferent to his serious medical need.  Drs. Collins and Wells participated in the

decision of a dental committee that denied Vasquez's request for dentures on the grounds that Vasquez had not lost weight. As the dentists have not yet responded to Vasquez's complaint, it is not apparent beyond doubt that Vasquez could prove no set of facts consistent with his complaint that would allow him relief against the dentists; it is possible that the dentists knew of and deliberately disregarded Vasquez's alleged serious medical need. Thus, Vasquez's claims against Wells and Collins are not frivolous, nor appropriate for dismissal. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

In so ruling, we express no opinion as to the ultimate merits of the case. The magistrate judge may determine at summary judgment that no Eighth Amendment violation occurred, for several reasons. For example, it is unclear whether Collins and Wells were aware of all of Vasquez's alleged symptoms. In addition, even if they knew of Vasquez's complaints, it is possible that in the dentists' medical judgment, dentures would not have helped Vaquez. With only the statements of Vasquez, however, we cannot say the cause is frivolous, and that is all we hold.

The magistrate judge properly dismissed Vasquez's claims against all other defendants. Warden Blevins and Director of Clinical Services Shabazz were not deliberately indifferent to Vasquez's condition; Vasquez's claims merely demonstrate that they deferred to the judgment of medical professionals by denying

4

him dentures.  In addition, Vasquez has abandoned any claims against Physician

Assistant Fortner by failing to brief them on appeal.  *Yohey v. Collins*, 985 F.2d

222, 224–25 (5th Cir. 1993).

### III.  Conclusion

We reverse the judgment below as to defendants Wells and Collins, but

affirm as to all other defendants.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR
FURTHER PROCEEDINGS.